TIMOTHY J. BURKE, SBN 181866
STULL, STULL & BRODY
10940 Wilshire Boulevard, Suite 2300
Los Angeles, California 90024
Telephone: (310) 209-2468
Facsimile: (310) 209-2087
TBurke@SSBLA.com
Attorneys for Co-Lead Plaintiffs,
WESTPARK CAPITAL, L.P., BRIG
BHARGAVA, and BILL GREEN

CHARLES J. PIVEN, *pro hac vice*
BROWER PIVEN, A
PROFESSIONAL CORPORATION
The World Trade Center – Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 322-0030
Facsimile: (410) 685-1300
Piven@BrowerPiven.com
Attorneys for Co-Lead Plaintiffs,
WESTPARK CAPITAL, L.P., BRIG
BHARGAVA, and BILL GREEN

KEVIN S. ROSEN, SBN 133304
DANIEL S. FLOYD, SBN 123819
SHANNON E. MADER, SBN 235271
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
KRosen@gibsondunn.com
Attorneys for Defendants,
INTERLINK ELECTRONICS, INC., and E.
MICHAEL THOBEN, III

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re INTERLINK ELECTRONICS, INC., SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | CASE NO. CV05-8133-AG (SHx)<br><br>The Honorable Andrew J. Guilford<br><br>**Class Action**<br><br>**STIPULATION AND AGREEMENT OF SETTLEMENT** |

Gibson, Dunn &
Crutcher LLP

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of January 22, 2009 (the "Stipulation"), is made and entered into, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, by and among the following Settling Parties[1] to the above-captioned action: (i) Lead Plaintiffs, on behalf of themselves and each of the Settlement Class Members, by and through Court-appointed Plaintiffs' Co-Lead Counsel in the Action, and (ii) Defendants, by and through their counsel of record in the Action. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## RECITALS

**The Litigation**

WHEREAS, beginning on November 15, 2005, putative class actions were filed in the United States District Court for the Central District of California, (the "Court") on behalf of purchasers of Interlink Electronics, Inc. ("Interlink" or the "Company") common stock during a defined period of time alleging violations of the federal securities laws and captioned as *Roger Brooks, et al. v. Interlink Electronics, Inc., E. Michael Thoben, III and Paul D. Meyer*; Case No. CV05-8133 (the "Action").

---

[1] Capitalized terms shall have the meanings listed below in Section 1.

WHEREAS, by Order signed on November 5, 2006, the Court (i) ordered that the Action be consolidated with all other actions then pending or thereafter filed in the Court which arise out of the same facts and claims as alleged in the Action and directing that the case proceed under the caption *In Re Interlink Electronics, Inc. Securities Litigation*, No. CV05-8133 AG (SHx) (ii) appointed Westpark Capital, L.P., Brij N. Bhargava and Bill Green as Lead Plaintiffs pursuant to Sections 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act") and 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) approved Lead Plaintiff's selection of the law firms of Brower Piven, A Professional Corporation and Stull, Stull & Brody as Co-Lead Counsel.

WHEREAS, *Bryon C. Jaques v. E. Michael Thoben, et al.*, United States District Court for the Central District of California, Case No. CV 06-7416 ("*Jaques* Derivative Action"), a purported shareholder derivative action, was removed from the Ventura County Superior Court, State of California, to this Court by a Notice of Removal filed on November 20, 2006, and by Order dated December 18, 2006, the *Jaques* Derivative Action became a Related Case with the Action.

WHEREAS, on January 17, 2007, Co-Lead Counsel filed an Amended Class Action Complaint, and on May 14, 2008, Co-Lead Counsel filed a Second Amended Class Action Complaint (the "Complaint") in the Action. The Complaint alleges violations of Sections 11, 12(2) and 15 of the Securities Act of 1933 and violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, as amended, and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission on behalf of a putative class of all those who purchased Interlink common stock during the period from April 24, 2003 to November 1, 2005, inclusive.

WHEREAS, the Action was brought as a putative class action alleging that the Defendants (as defined below) violated the federal securities laws by making material misrepresentations and/or material omissions about, *inter alia*, Interlink's purported financial condition, operations, accounting, growth, income, earnings and prospects.

WHEREAS, on April 24, 2008, the Settling Parties mediated at arm's length under the supervision of Justice Howard B. Wiener (Ret.), and, thereafter, the Settling Parties continued negotiations.

**Defendants' Denials of Wrongdoing And Liability**

WHEREAS, Defendants vigorously deny and disclaim any wrongdoing or liability in connection with the claims and allegations asserted against them in the Action, and Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.

WHEREAS, Defendants have denied and continue to deny, *inter alia*, the allegations (a) that Defendants at any time knew, or were reckless or negligent in not knowing, that the challenged statements in the Complaint were false or misleading, (b) that Lead Plaintiffs or the other members of the putative Class have suffered damage, (c) that the price of Interlink common stock was artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, and (d) that Lead Plaintiffs or the other members of the Class were harmed by the conduct alleged in the Complaint.

WHEREAS, Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have

taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. Nothing in this Stipulation is intended, nor should be construed, as an admission or concession of any of the claims or contentions alleged in the Action, or any infirmity in the defenses that any Defendant has asserted or could assert in the Action or any other action.

**Lead Plaintiffs' Claims And the Benefits Of Settlement**

WHEREAS, Lead Plaintiffs conducted an extensive investigation into the allegations asserted in the Complaint and concluded that the claims asserted in the Action have merit, but recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals. Lead Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the difficulties and delays inherent in such litigation. Lead Plaintiffs have also taken into account Defendants' ability to pay damages, including the insurance available to Defendants. Lead Plaintiffs also are mindful of the inherent problems of proof under, and possible defenses to alleged violations of, the federal securities laws asserted in the Action. Lead Plaintiffs believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Lead Plaintiffs and Co-Lead Counsel have determined that the Settlement set forth in this Stipulation would be fair, reasonable, and adequate, and is in the best interests of the Settlement Class.

<u>**TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**</u>

NOW, THEREFORE, in consideration of the promises and agreements, covenants, representations, and warranties set forth herein, intending to be legally bound:

4

IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties, by and through their respective counsel or attorneys of record, that this Action and all Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice and without costs as to all Settling Parties, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, upon and subject to the following terms and conditions of this Stipulation.

1. **Definitions**

As used in this Stipulation the following terms have the following meanings:

1.1    "Authorized Claimant" means any putative Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2    "Claimant" means any putative Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.3    "Claims Administrator" means, subject to Court approval, a firm retained by Co-Lead Counsel, with the consent of Defendants' counsel, to perform the administrative functions necessary for dissemination of the Notice to the Class as directed by the Court and to process, and calculate claims filed by Class members seeking to participate in the settlement and to make distribution as directed by the Court to Class members from the Net Settlement Fund.

1.4    "Co-Lead Counsel" means Brower Piven, A Professional Corporation, and Stull, Stull & Brody.

1.5    "Defendants" means Interlink and the Individual Defendants.

1.6    "Effective Date" means the first date by which all of the events and conditions specified in § 8.1 of this Stipulation have been met and have occurred.

1.7    "Escrow Agent" means Co-Lead Counsel.

1.8 "Final" means when the last of the following with respect to the Judgment approving this Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken, which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such 33rd day; and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not include any appeal that concerns only the issue of attorneys' fees and reimbursement of costs or the Plan of Allocation of the Settlement Fund.

1.9 "Individual Defendants" means E. Michael Thoben, III and Paul D. Meyer.

1.10 "Insurers" means Interlink's primary and excess insurance carriers and their respective reinsurers.

1.11 "Interlink" means Interlink Electronics, Inc. and all of its past or present employees, independent contractors, officers, directors, subsidiaries, parents, successors and predecessors, representatives, agents, attorneys, advisors, Insurers, investment advisors, auditors, and accountants.

1.12   "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.13   "Lead Plaintiffs" means Westpark Capital, L.P., Brij N. Bhargava and Bill Green.

1.14   "Co-Lead Counsel" means Court-appointed Lead Plaintiffs' co-lead counsel, Brower Piven, A Professional Corporation ("Brower Piven"), and Stull, Stull & Brody ("SS&B").

1.15   "Notice" means Notice of Pendency and Proposed Settlement of Class Action and the Summary Public Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached hereto as Exhibit A-1 and A-3, respectively.

1.16   "Person" means an individual (including but not limited to their spouses and heirs), a corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity, and all of their respective predecessors, successors, representatives, or assignees.

1.17   "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of this Stipulation, and the Released Parties shall have absolutely no responsibility therefor or liability with respect thereto.

1.18   "Preliminary Approval Order" means that order to be entered by the Court, substantially in the form attached as Exhibit A.

1.19    "Proof of Claim" means a Proof of Claim and Release substantially in the form attached hereto as Exhibit A-2.

1.20    "Released Claims" shall collectively mean (including "Unknown Claims" as defined in § 1.28 hereof) any and all claims, rights, debts, demands, causes of actions, suits, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, judgments, variances, executions, obligations, damages, losses, fees, costs, rights, matters, and issues, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, or whether based in equity, whether suspected or unsuspected, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, class or individual in nature, that have been, might have been, or could be asserted (or threatened, alleged, or litigated) at law, in equity, or otherwise, at any time against any of the Released Parties by any member of the Settlement Class, in any capacity, in the Action or in any court of competent jurisdiction or other tribunal or adjudicative body, which arise out of or relate in any way whatsoever to: (a) purchases or sales of Interlink common or other stock or securities during the Class Period; (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted (whether directly, indirectly, representatively, derivatively, or in any other capacity) in the Complaint; (c) any alleged misrepresentation or omission occurring during the Class Period concerning or relating to the financial condition, results of operations, financial statements, press releases, public filings, or any public disclosures by Interlink or any of the Released Parties relating in any way to Interlink; or (d) the conduct of the business of Interlink by any of the Released Parties or Interlink with regard to any of the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted

(whether directly, indirectly, representatively, derivatively, or in any other capacity) in the Complaint.   Except that the parties hereby agree that expressly excluded from the Released Claims are the shareholder derivative claims asserted in the Verified Shareholder's Derivative Complaint filed in the *Jaques* Derivative Action on August 17, 2006.

1.21    "Released Parties" means each and all of Defendants, and all of their respective past or present employees, independent contractors, officers, directors, subsidiaries, parents, successors and predecessors, agents, attorneys, advisors, Insurers, investment advisors, auditors, accountants, assigns, spouses, all members of their immediate families, all trusts which are for the benefit of any of them and/or member(s) of their family, the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.   The Released Parties are third party beneficiaries of this Stipulation and the Settlement.

1.22    "Settlement" means the settlement contemplated by this Stipulation and its exhibits.

1.23    "Settlement Class" means all those who purchased or otherwise acquired the common stock of Interlink, Inc. ("Interlink" or the "Company") between April 24, 2003 and November 1, 2005, inclusive (the "Class Period").   Excluded from the Settlement Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink, members of any such excluded person's immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Settlement Class shall also exclude those Persons who timely and validly request exclusion from the

Settlement Class pursuant to the Notice of Pendency and Proposed Settlement of Class Action to be sent to the class. The Parties shall stipulate to the certification of the Settlement Class for purposes of the Settlement only, subject to approval by the Court.

1.24 "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class set forth in § 1.23.

1.25 "Settlement Class Period" means the period commencing on April 24, 2003 and ending on November 1, 2005, inclusive.

1.26 "Settlement Fund" means the principal amount totaling five million dollars ($5,000,000) in cash, plus all accrued interest from the time funds are deposited until all funds are distributed as ordered by the Court. The Settlement Fund is to be paid by wire transfer to the Escrow Agent pursuant to § 2.1 of this Stipulation.

1.27 "Settling Parties" means, collectively, each of Defendants and Lead Plaintiffs, on behalf of themselves and the Settling Class Members.

1.28 "Unknown Claims" means any and all Released Claims that Lead Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Released Claims which Defendants do not know or suspect to exist in their favor, which if known, might have affected their decision(s) with respect to the Settlement. With respect to any and all Released Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge, and Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

## 2.    The Settlement

2.1    Within thirty (30) days of the Court's entry of a Preliminary Approval Order, the Defendants (via Defendants' Insurers) shall deposit the Settlement Fund into an interest-bearing

escrow account (the "Escrow Account") to be managed by the Escrow Agent for the benefit of Lead Plaintiffs and the Settlement Class Members.  Notwithstanding anything contrary in this Stipulation, in no event shall the Defendants or their Insurers be required to pay more than $5,000,000 in connection with the Settlement, except that the Defendants shall, in addition to said $5,000,000 payment, also pay the lesser of (1) $100,000 toward the cost of providing Notice, and all costs of any type whatsoever for administration of the Settlement, including, but not limited to, all expenses (not including Co-Lead Counsel's attorneys' fees) incurred by Co-Lead Counsel and the Claims Administrator; or (2) the actual and full cost for providing Notice and all costs of any type whatsoever for administration of the Settlement, including, but not limited to, all expenses (not including Co-Lead Counsel's attorneys' fees) incurred by Co-Lead Counsel and the Claims Administrator.  The Settlement Fund is not, and shall not be considered, the payment or compromise of a claim for punitive damages or a penalty or fine under state or federal laws, rules, or regulations or any other applicable statute or provision.  Rather, it is, and shall be considered, payment to compromise claims asserted against Defendants for compensatory and equitable relief, including payment of attorneys' fees and expenses.

      2.2    The Escrow Agent shall invest any funds of the Settlement Fund in excess of $150,000 deposited pursuant to § 2.1 in short term United States Agency or Treasury Securities (or a mutual fund invested solely in such instruments), and shall collect and reinvest all interest accrued thereon, which shall be for the benefit of Lead Plaintiffs and Settlement Class Members (including payment of attorneys' fees and expenses).  Any funds held in escrow in an amount of $150,000 or less may be held in an interest bearing bank account insured by the FDIC.

2.3     The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of counsel for Defendants.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of this Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or further order(s) of the Court.

2.6     Upon presentation of invoices or other evidence of expenses incurred from the Co-Lead Counsel or the Claims Administrator to Defendants' counsel, Defendants shall, within fifteen (15) business days, cause their excess insurer to pay up to a total of $100,000 for all fees (excluding attorneys' fees), costs and expenses incurred in connection with providing Notice, and all costs of any type whatsoever for administration, of the Settlement, including, but not limited to, all expenses (not including Co-Lead Counsel's attorneys' fees) incurred by Co-Lead Counsel and the Claims Administrator.   Payment to Co-Lead Counsel or the Claims Administrator for all fees, costs and expenses incurred in connection with providing Notice to Settlement Class Members, processing and administering claims submitted by Settlement Class Members, and making distributions to Authorized Claimants that exceed $100,000 shall be paid, subject to Court approval, from the Settlement Fund.

2.7     In no event shall the Released Parties have any responsibility whatsoever for or liability with respect to the Escrow Agent or Claims Administrator or their actions or omissions

13

or with respect to any aspect of the claims administration process, any provision of Sections 2.1 through 2.9, and Sections 5.1 through 5.7, inclusive, herein, or notice to Settlement Class Members.

      2.8    (a)    Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this § 2.8, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in § 2.9(a) hereof) shall be consistent with this § 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in § 2.8(c) hereof.

      (b)    All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon the Released Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a

"qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this § 2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this § 2.8) ("Tax Expenses"), shall be paid out of the Settlement Fund; in no event shall the Released Parties have any responsibility whatsoever for or liability with respect to the Taxes or the Tax Expenses. The Escrow Agent, by means of the Settlement Fund and otherwise, shall fully indemnify and hold each of the Released Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)).

(c)     Except as provided in § 2.6 above, the Released Parties shall have no responsibility whatsoever for, interest in, or liability whatsoever with respect to the administration of the Settlement or disbursement of the Settlement Fund, including, without limitation, the administration, investment or distribution of the Settlement Fund or the Net Settlement Fund, the determination or implementation of the Plan of Allocation, the determination, administration, calculation or payment of claims, the payment or withholding of Taxes or Tax Expenses in connection with any of the foregoing, or any losses incurred in connection with any of the foregoing. The Escrow Agent, by means of the Settlement Fund and

otherwise, shall fully indemnify and hold each of the Released Parties harmless for Taxes or Tax Expenses.

(d)     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this § 2.8; provided, however, that such cooperation shall under no circumstances be construed to give rise to any responsibility whatsoever for, interest in, or liability whatsoever on the part of any Released Party for any matter, without limitation, related to the administration of the Settlement.

(e)     For the purpose of this § 2.8, references to the Settlement Fund shall include both the Settlement Fund and any earnings thereon and/or the Class Notice and Administration Fund and any earnings thereon.

2.9     In the event that this Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest) less expenses actually incurred and properly due and owing in connection with the Settlement provided for herein, including Notice and Settlement administration, shall be refunded to the parties who deposited such funds into the Escrow Account in proportion to the amounts initially deposited by those parties, as provided in § 8.3 of this Stipulation.

## 3.     Preliminary Approval of the Settlement and Settlement Hearing

3.1     Within five (5) business days after execution of this Stipulation, the parties to this Stipulation shall submit this Stipulation, together with its Exhibits, to the Court and shall apply for entry of the Preliminary Approval Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, the certification of the Settlement Class for settlement purposes, and approval for mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") substantially in the form of

Exhibit A-1 hereto and publication of a summary notice substantially in the form of Exhibit A-3 hereto. The Notice shall include the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application and the date of the Settlement Hearing.

3.2     Within fifteen (15) business days after entry of the Preliminary Approval Order, Defendants shall provide the Claims Administrator with Interlink's shareholder transfer records for the Class Period, to enable Co-Lead Counsel to identify and provide Notice to putative members of the Settlement Class in accordance with § 3.1. Co-Lead Counsel and the Claims Administrator agree that Interlink's shareholder transfer records will be used solely for the purpose of providing notice to the putative members of the Settlement Class and, after the Effective Date, making distributions to Authorized Claimants who filed valid and complete proofs of claims, and for no other purpose whatsoever.

3.3     Co-Lead Counsel shall request that after Notice is given, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein. At or after the Settlement Hearing, Co-Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.     Releases**

4.1     The obligations incurred pursuant to this Stipulation shall be in full and final disposition of the Action and of any and all Released Claims as against all Released Parties.

4.2     Upon the Effective Date, Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished and discharged, and shall forever be enjoined from prosecution of each and all of the Released Claims (including Unknown Claims) against each and all of the Released Parties, whether or not any of Lead Plaintiffs and/or any Settlement Class

17

Member executes and delivers a Proof of Claim and Release.  By entering into this Stipulation, Lead Plaintiffs represent and warrant that they have not assigned, hypothecated, transferred or otherwise granted any interest in the Released Claims, or any of them, to any Person.

4.3     The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Parties and shall be substantially in the form contained in Exhibit A-2 hereto.  All Settlement Class Members shall be bound by the releases set forth in this Section 4 whether or not they submit a valid and timely Proof of Claim and Release.

4.4     Upon the Effective Date each of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged and shall forever be enjoined from prosecution against Lead Plaintiffs, each and all of the Settlement Class Members, and Co-Lead Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, provided, however, that nothing herein is meant to bar any claim relating solely to performance or enforcement of this Stipulation or the Settlement.

4.5     Lead Plaintiffs and Defendants agree not to assert in any forum that the Action was brought by Lead Plaintiffs and/or Settlement Class Members or defended by Defendants in bad faith or without a reasonable basis.  The Settling Parties hereto shall assert no claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense, or settlement of the Action.  The Settling Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

5. **Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1    The Claims Administrator, or its authorized agents, acting on behalf of the Settlement Class and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and oversee distribution of the Settlement Fund.

5.2    The Settlement Fund shall be applied by the Escrow Agent as follows:

(a)    to pay Co-Lead Counsels' fees and expenses with interest thereon (the "Fee and Expense Award") if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing Notice, locating Settlement Class Members, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any, that exceed $100,000;

(c)    to pay the Taxes and Tax Expenses described in § 2.8 of this Stipulation; and

(d)    to distribute the balance of the Settlement Fund, after the payment of fees and expenses (the "Net Settlement Fund") to Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(a)      Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 hereto, sworn on oath or made subject to the penalties of perjury pursuant to 28 U.S.C. § 1746 and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

(b)      Except as ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment.

(c)      The amount of each Authorized Claimant's claim shall be determined in accordance with the Plan of Allocation to be described in the Notice and approved by the Court, but in any event shall not exceed the Authorized Claimant's actual losses.

(d)      The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

5.4      This is not a claims-made Settlement and, if all conditions of this Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to Defendants or their Insurers. If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Co-Lead Counsel shall, if feasible, reallocate such

balance among Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization designated by Co-Lead Counsel and approved by the Court.

5.5 No Person shall have any claim against Lead Plaintiffs, Co-Lead Counsel, the Claims Administrator, the Released Parties, or other entity designated by Co-Lead Counsel based on investments or distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.6 It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

5.7 The Released Parties and their counsel shall have no responsibility whatsoever for, interest in, or liability, among other things and without limitation to any similar provisions in this Stipulation, with respect to:

(a) any act, omission or determination of the Escrow Agent, Claims Administrator, Co-Lead Counsel or designees or agents of Co-Lead Counsel, Escrow Agent or Claims Administrator;

(b)     any act, omission or determination of Co-Lead Counsel or their designees or agents in connection with the administration of the Settlement or the distribution of the Settlement Fund;

(c)     the administration, investment, management, or distribution of the Settlement Fund or the Net Settlement Fund;

(d)     administration, calculation, or payment of any claims;

(e)     the determination, administration, calculation, payment or withholding of Taxes or Tax Expenses;

(f)     the Plan of Allocation; or

(g)     any losses incurred in connection with any of the foregoing.

**6.     Final Approval Order and Judgment**

6.1     If the Court grants final approval of the Settlement embodied in this Stipulation pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties to this Stipulation shall submit to the Court a proposed final order and judgment in a form substantially the same as Exhibit B hereto.

**7.     Co-Lead Counsel's Attorneys' Fees and Reimbursement of Expenses**

7.1     Co-Lead Counsel, on behalf of Co-Lead Counsel, may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees plus of up to thirty five percent (35%) of the Settlement Fund, plus any interest on such attorneys' fees at the same rate and for the same periods as earned by the Settlement Fund from the date of any such award to the date of payment; (b) reimbursement of actual expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Action, plus any interest on such expenses at the same rate and for the same periods as earned by the Settlement Fund from the date of award to the date of

payment; and (c) payment of any fees and expenses incurred by Co-Lead Counsel solely in connection with Notice and administration of the Settlement in excess of the $100,000 Defendants will cause to be paid by their excess insurer as provided in § 2.6 herein (collectively, the "Fee and Expense Award").  Co-Lead Counsel reserves the right to make additional applications for fees and expenses incurred.  Defendants agree that they will not oppose any application for the award of attorneys' fees and/or the reimbursement of expenses made in accordance with the foregoing provisions of this paragraph.

   7.2  The attorneys' fees and expenses, as awarded by the Court, shall be paid to Co-Lead Counsel solely from the Settlement Fund, within five (5) days of the entry by the Court of an order awarding such fees and expenses.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or this Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Co-Lead Counsel shall within five (5) business days from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the cash portion of the Settlement Fund in an amount consistent with such reversal or modification.  Co-Lead Counsel, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that it shall be subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this § 7.2 and that the Court may, upon application of Defendants, summarily issue orders and take whatever other actions it deems appropriate, including, without limitation, issuing judgments and attachment orders and making appropriate findings of and/or sanctions for

contempt against Co-Lead Counsel should Co-Lead Counsel fail to timely repay fees and expenses pursuant to this § 7.2.

7.3     Notwithstanding any other provision of this Stipulation to the contrary, the procedure for and the allowance or disallowance (in whole or in part) by the Court of any applications by Co-Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the Settlement set forth in this Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Stipulation, be deemed material thereto, or affect or delay the finality of the Judgment approving this Stipulation and the Settlement of the Action set forth therein or any other orders entered pursuant to this Stipulation.

7.4     The Released Parties shall have no responsibility whatsoever for or liability with respect to any payment of attorneys' fees and expenses to Co-Lead Counsel.

7.5     Co-Lead Counsel shall allocate and disburse the attorneys' fees among themselves in a manner in which Co-Lead Counsel believe reflects the contributions, if any, of such counsel in the prosecution of and results obtained in the Action. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to the allocation among Co-Lead Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action, and the Released Parties take no position with respect to such matters.

8.    **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

8.1    The Effective Date shall be conditioned on the occurrence of all of the following events:

(a)    Payment to the Settlement Fund as required by § 2.1;

(b)    Expiration of the time for Defendants to exercise their termination rights as provided in the Supplemental Agreement and § 8.6;

(c)    Approval by the Court of the *Jacques* Derivative Action Settlement. Defendants agree to present the settlement in the *Jacques* Derivative Action either before, simultaneously with, or within fifteen (15) days of this Settlement being presented to the Court for final approval.

(d)    The Court's entry of the Judgment substantially in the form of Exhibit B hereto; or, in the event that the Court enters a judgment that differs from the Judgment in any material respect ("Alternative Judgment"), the Alternative Judgment becoming Final as defined in § 1.8; and

(e)    The Judgment or Alternative Judgment becoming Final, as defined in §§ 1.8 and 1.12.

8.2    Upon the last to occur of all of the events referenced in § 8.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in § 8.1 hereof are not met, then this Stipulation shall be canceled and terminated subject to § 8.4 hereof, unless Co-Lead Counsel and counsel for Defendants and their Insurers mutually agree in writing to proceed with this Stipulation.

8.3    Unless otherwise ordered by the Court or mutually agreed by the parties, in the event this Stipulation is terminated as provided herein, or is not approved by the Court before

25

December 31, 2009, within twenty (20) business days after written notification by counsel for the Defendants or Co-Lead Counsel to the other party, and in accordance with the terms of § 2.9, the Settlement Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to § 2.6 or are determined to be chargeable for Notice and Settlement administration, shall be refunded by the Escrow Agent to the parties who deposited such funds into the Escrow Account, in amounts that are proportional to the respective amounts initially deposited into the Escrow Account by such parties, pursuant to written instructions from counsel to Interlink or its successor-in-interest. At the request of counsel to Interlink, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, pursuant to written direction from counsel to Interlink or its successor-in-interest.

8.4    In the event the Effective Date does not occur, the Settling Parties shall be restored to their respective positions in the Action as of October 29, 2008. In such event, the terms and provisions of this Stipulation, with the exception of §§ 2.9 and 8.3 to 8.5, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Co-Lead Counsel, shall constitute grounds for cancellation or termination of this Stipulation.

8.5    If the Effective Date does not occur, neither Plaintiffs nor Co-Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed for Notice and

Settlement administration.  In addition, any expenses already incurred and properly chargeable for Notice and Settlement administration pursuant to § 2.6 at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with §§ 2.9 and 8.3.

       8.6     If prior to the Settlement Hearing, the aggregate number of shares of Interlink common stock purchased by Persons who would otherwise be members of the Settlement Class, but who request exclusion from the Settlement Class, exceeds the sum specified in a separate supplemental agreement ("Supplemental Agreement") between the Settling Parties, Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement.  In the event of termination of this Stipulation pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, and the provisions of §§ 2.9, 8.3, 8.4 and 8.5 shall apply.  The Supplemental Agreement and all of its terms are hereby incorporated into this Stipulation (and vice versa); however, the Supplemental Agreement will not be filed with the Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

       8.7     The Settling Parties and the Claims Administrator shall, upon receipt of any request(s) for exclusion pursuant to the Notice, deliver a copy of each request for exclusion to counsel for each of the other Settling Parties and the Claims Administrator within four (4) business days of receipt thereof but in no event later than seven (7) court days before the Settlement Hearing.

9. **No Admission of Wrongdoing**

9.1    Defendants have vigorously denied, and continue to deny, that they have committed any violation of the federal securities laws or other laws, and have vigorously denied and continue to deny all allegations of wrongdoing or liability whatsoever with respect to the Released Claims, including any and all claims of wrongdoing or liability alleged or asserted in the Action.  Defendants state that they are agreeing to this Settlement solely because it will eliminate the substantial burden, expense and uncertainties of further litigation and the concomitant distraction of resources and efforts from their businesses.

9.2    This Stipulation, and any of its terms, any agreement or order relating thereto, and any payment or consideration provided for herein, is not and shall not be construed as an admission by any of the Defendants or other Released Parties with respect to the truth of any fact alleged by any of the Plaintiffs or Settlement Class Members or the validity of any claim that has been or could have been asserted in the Action or in any other action, or the deficiency of any defense that has been or could have been asserted in the Action or in any other action, or of any liability, negligence, fault, or wrongdoing of any of the Defendants or other Released Parties, or an admission by Plaintiffs of any lack of merit of its claims against the Defendants.  This Stipulation, and any of its terms, and any agreement or order relating thereto, shall not be deemed to be, or offered by any Settling Party to be received in evidence in any civil, criminal, administrative, or other proceeding, or utilized in any manner whatsoever as, a presumption, a concession, or an admission of any fault, wrongdoing, or liability whatsoever on the part of any Defendant or other Released Parties; provided, however, that nothing contained in this section shall prevent this Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto) or the Final Judgment, or in which the

reasonableness, fairness, or good faith of the Settling Parties in participating in the Settlement (or any agreement or order relating thereto) is in issue, or to enforce or effectuate provisions of this Settlement, the Final Judgment, or the Proofs of Claim and Release as to the Defendants, Released Parties, Plaintiffs, Co-Lead Counsel, or the Settlement Class Members.  This Stipulation may, however, be filed and used in other proceedings where relevant, to demonstrate the fact of its existence and of this Settlement, including, but not limited to, any Defendant or any of the Released Parties filing this Stipulation and/or the Final Approval Order and Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**10.    Miscellaneous Provisions**

10.1    The Settling Parties acknowledge that it is their intent to consummate this agreement and agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation, including, but not limited to, all necessary approvals of the Court required by this Stipulation.

10.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a statement that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  While retaining their right to deny liability, Defendants agree that the amount paid to the Settlement Fund and the other terms of the Settlement were

negotiated in good faith and at arm's-length by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that each such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

10.3    Within ninety (90) days of the Effective Date, all deposition transcripts and all materials produced by the Defendants marked as "Confidential" (including all materials attached as exhibits to any deposition or introduced in any interview in the Action) shall be either (a) returned to the parties and/or their respective counsel; or (b) destroyed, and a certification in writing that the documents have been destroyed be delivered to the parties' counsel. Confidential material may not be used in this or any subsequent proceeding except with respect to any claim relating solely to performance or enforcement of this Stipulation or the Settlement. The Settling Parties are not required to return or destroy pleadings, discovery requests, correspondence between counsel, or documents filed with the Court.  All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation.

10.4    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.5    This Stipulation, or any part thereof, may be waived, amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

10.6    This Stipulation and the Exhibits attached hereto and the Supplemental Agreement constitute the entire agreement among the Settling Parties and no representations,

warranties or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

10.7    Except as otherwise expressly provided herein or in separate indemnification agreements amongst any of them, each of the Settling Parties shall bear its own costs.

10.8    Co-Lead Counsel, on behalf of the Settlement Class, are expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which they deem appropriate.

10.9    Each counsel or other Person executing this Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.10  This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

10.11  This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.12  The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

10.13  This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Stipulation shall be construed and enforced in

accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice-of-law principles.

10.14   The failure of any Settling Party to enforce at any time any provision of this Stipulation shall not be construed to be a waiver of such provisions, nor in any way to affect the validity of this Stipulation or any part hereof or the right of any Settling Party thereafter to enforce each and every such provision.   The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed a waiver of any prior or subsequent breach of this Stipulation.

10.15   The section headings used throughout this Stipulation are for convenience only and shall not affect the interpretation or construction of this Stipulation.

10.16   The terms "and" and "or" shall be construed conjunctively and disjunctively, whichever is more expansive.

10.17   In the event that the Court or any other court is called upon to interpret this Stipulation, no one party or group of parties shall be deemed to have drafted this Stipulation.

10.18   Nothing in this Stipulation, Settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or work product immunity.

10.19   Any written notice required pursuant to or in connection with this Stipulation shall be addressed to counsel as follows:

For Lead Plaintiff:

Timothy J. Burke
Stull, Stull & Brody
10940 Wilshire Boulevard
Suite 2300
Los Angels, California 90024

David A.P. Brower
Brower Piven
  A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, New York 10022

For Defendants:

Kevin S. Rosen
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071

Richard Marmaro
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys.

STULL, STULL & BRODY

Timothy J. Burke (181866)
10940 Wilshire Boulevard
Suite 2300
Los Angeles, California 90024
Telephone:  310-209-2468
Facsimile:  310-209-2087

and .

BROWER PIVEN,
  A Professional Corporation

David A.P. Brower *(Admitted Pro Hac Vice)*
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone:  212-501-9000
Facsimile:  212-501-0300

. 33

For Lead Plaintiff:

Timothy J. Burke
Stull, Stull & Brody
10940 Wilshire Boulevard
Suite 2300
Los Angels, California 90024

David A.P. Brower
Brower Piven
  A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, New York 10022

For Defendants:

Kevin S. Rosen
Gibson, Dunn & Crutcher LLP
333 South Grand Avenue
Los Angeles, California 90071

Richard Marmaro
Skadden, Arps, Slate, Meagher & Flom LLP
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys.

STULL, STULL & BRODY

Timothy J. Burke (181866)
10940 Wilshire Boulevard
Suite 2300
Los Angeles, California 90024
Telephone:  310-209-2468
Facsimile:  310-209-2087

and

BROWER PIVEN,
  A Professional Corporation

David A.P. Brower *(Admitted Pro Hac Vice)*
488 Madison Avenue
Eighth Floor
New York, New York 10022
Telephone:  212-501-9000
Facsimile:  212-501-0300

33

Charles J. Piven (*Admitted Pro Hac Vice*)
Yelena Trepetin (*Admitted Pro Hac Vice*)
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: 410-332-0030
Facsimile: 410-685-1300

***Co-Lead Counsel for Lead Plaintiffs and the
Settlement Class***

GIBSON, DUNN & CRUTCHER LLP

Kevin S. Rosen (133304)
Daniel S. Floyd (123819)
Shannon E. Mader (235271)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213-229-7000
Facsimile: 213-229-7520

***Counsel for Defendants Interlink Electronics, Inc.
and E. Michael Thoben, III***

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

Richard Marmaro (91387)
Tasneem Dohadwala (218067)
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Telephone: 213-687-5000
Facsimile: 213-621-5045

***Counsel for Defendant Paul D. Meyer***

100571272_8.DOC

34

Charles J. Piven *(Admitted Pro Hac Vice)*
Yelena Trepetin *(Admitted Pro Hac Vice)*
The World Trade Center-Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone:  410-332-0030
Facsimile:  410-685-1300

*Co-Lead Counsel for Lead Plaintiffs and the
Settlement Class*

GIBSON, DUNN & CRUTCHER LLP

_____

Kevin S. Rosen (133304)
Daniel S. Floyd (123819)
Shannon E. Mader (235271)
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213-229-7000
Facsimile:  213-229-7520

*Counsel for Defendants Interlink Electronics, Inc.
and E. Michael Thoben, III*

SKADDEN, ARPS, SLATE, MEAGHER & FLOM
LLP

*R. Marmaro / TD*
_____

Richard Marmaro (91387)
Tasneem Dohadwala (218067)
300 South Grand Avenue
Suite 3400
Los Angeles, California 90071
Telephone:  213-687-5000
Facsimile:  213-621-5045

*Counsel for Defendant Paul D. Meyer*

100571272_8.DOC

34

Exhibit A

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |
| | CLASS ACTION |
| This Document Relates to: All Actions | |

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

**WHEREAS,** on January 22, 2009, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and

**WHEREAS,** the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED,** this \_\_\_\_ day of _____, 2009 that:

1.    For purposes of Settlement only, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies a Class consisting of all those who purchased or otherwise acquired the common stock of Interlink, Inc. ("Interlink" or the "Company") between April 24, 2003 and November 1, 2005, inclusive (the "Class Period") and

who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Court conditionally certifies Lead Plaintiffs Westpark Capital, L.P., Brij N. Bhargava and Bill Green as Class representatives and Lead Plaintiffs' co-lead counsel, Brower Piven, A Professional Corporation and Stull, Stull & Brody, as counsel for the Class.

2.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

3.     A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2009, at ____:_____ ___.m. for the following purposes:

(a)     to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with

prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)    to consider Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

(f)    to rule upon such other matters as the Court may deem appropriate.

4.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind.  The Court further reserves the right to enter its Final Order and Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5.    The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

6.    The Court approves the appointment of _____ as the Claims Administrator.  The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before _____, 2009, to all Class Members who can be identified with reasonable effort, including all persons who were previously mailed the notice of pendency other than those

3

persons who previously requested exclusion from the Class. The Claims Administrator shall use reasonable efforts to give notice to Authorized Claimants of the Settlement Class, such as brokerage firms and other persons or entities who purchased Interlink Electronics, Inc. common stock during the Class Period as record owners but not as beneficial owners. Nominee purchasers are directed, within seven (7) days of receipt of their Notice, (a) to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Notice and Proof of Claim from the Claims Administrator and within seven (7) days of receipt of the copies of the Notices and Proof of Claim forms from the Claims Administrator to mail the Notice and Proof of Claim to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Nominee purchasers who previously provided the Claims Administrator with lists of the names and addresses of the beneficial owners do not need to provide that information again. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

7.     The Court approves the form of Publication Notice of the proposed settlement of this Action in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published on three (3) days

over *Business Wire* on the tenth, fifteen, and twentieth days (or the first business day after each such date if such day falls on a weekend or holiday) after the mailing of the Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

8.    The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.    In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)    A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than _____, 2009. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

10.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class. The persons and entities who request exclusion from the Class will be excluded from the Class and shall not be entitled to submit any Proof of Claim forms and shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and in the Notice. To request exclusion from the Class, a putative Class member must send a letter, postmarked no later than _____, 2009, send to one of the following:  the Interlink Claims Administrator,

_____, Plaintiffs' Co-Lead Counsel, David A.P. Brower, Brower

Piven, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, NY 10022 *or*

Plaintiffs' Co-Lead Counsel Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Blvd.,

Los Angeles, California 90024. For a request for exclusion to be valid, the putative Class

Member's request for exclusion must include the Class Member's name, current address, and

day-time and evening telephone numbers; the dates of all such Class Member's purchases and/or

sales of Interlink common stock during the Class Period; the number of shares purchased and/or

sold on each such date; the prices paid and/or received for all such shares on each such date; and

a clear and unambiguous statement that such putative Class Member wished to be excluded from

the Class. No further opportunity to request exclusion will be given in this Action.

    11.    The Court will consider comments and/or objections to the Settlement, the Plan of

Allocation, or the award of attorneys' fees and reimbursement of expenses only if such

comments or objections and any supporting papers are filed in writing with the Clerk of the

Court, United States District Court for the Central District of California, Southern Division,

Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Room 1053

Santa Ana, CA 92701-4516, and copies of all such papers are served, on or before

_____, 2009, upon each of the following:  David A.P. Brower, Brower Piven, A

Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, NY 10022 and

Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Blvd., Los Angeles, California

90024 on behalf of the Lead Plaintiff and the Class; and Kevin S. Rosen, Gibson, Dunn &

Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071 and Richard Marmaro,

Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los

Angeles, CA 90071 on behalf of the Defendants. Attendance at the hearing is not necessary;

however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing. Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

12. Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation or the application by Plaintiffs' Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses and by the Class Representative for reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class.

13. Pending final determination of whether the Settlement should be approved, the Class Representative and all other Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

14.     As provided in the Stipulation, Plaintiffs' Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

15.     If:  (a) the Settlement is terminated by Defendants pursuant to § 8.6 of the Stipulation and in accordance with the Supplemental Agreement and; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Co-Lead Counsel or Counsel for the Defendants elects to terminate the Settlement as provided in § 8.2 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed immediately before execution of the Stipulation.

16.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: Santa Ana, California

_____, 2009



_____
Honorable Andrew J. Guilford
United States District Judge

Exhibit A-1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

**If you purchased the common stock of Interlink Electronics, Inc ("Interlink") between April 24, 2003 to November 1, 2005, inclusive, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $5,000,000.00 cash settlement fund for the benefit of investors who bought shares of Interlink common stock between April 24, 2003 and November 1, 2005, inclusive.

- The settlement resolves a lawsuit alleging that Defendants knowingly or recklessly misled investors about, among other things, Interlink's purported financial condition, operations, accounting, growth, income, earnings and prospects.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2009** | The only way to get a payment. |
| **OBJECT BY _____, 2009** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON _____, 2009** | Ask to speak in Court about the settlement. |

| DO NOTHING | Get no payment.  Give up rights. |
|---|---|

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals, if any, are resolved.  Please be patient.

## SUMMARY OF THE NOTICE

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $5,000,000.00 in cash, plus interest, has been established.  Plaintiffs estimate that there were approximately ___ million shares of Interlink common stock traded during the Class Period which may have been damaged.  Plaintiffs estimate that the average recovery per damaged share of Interlink common stock under the settlement is $0.64  per damaged share[1] before deduction of Court-awarded attorneys' fees.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim.  Depending on the number of shares for which claims are submitted, when during the Class Period a Class Member purchased shares of Interlink common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount.  *See* the Plan of Allocation beginning on page 15 for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if the Class were to have prevailed on each claim alleged.  The issues on which the parties disagree include (a) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws; (b) the amount by which Interlink common stock was allegedly artificially inflated (if at all) during the Class Period; (c) the extent to which external factors, such as general market and industry conditions affected the trading price of Interlink common stock at various times during the Class Period; (d) the extent (if any) to which the various matters that plaintiffs allege were materially false or misleading affected the trading price of Interlink common stock at various times during the Class Period; (e) the extent (if any) to which the various allegedly adverse

---

[1]        An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

2

material facts that plaintiffs allege were omitted affected the trading price of Interlink common stock at various times during the Class Period; and (f) the appropriate economic model for determining the amount by which Interlink common stock was allegedly artificially inflated (if at all) during the Class Period. The Lead Plaintiffs acknowledges that it is possible that he may not prevail on any or all of his claims and that therefore the Class may recover nothing at all. The Defendants deny that they are liable to the Lead Plaintiffs or the Class and deny that the Lead Plaintiffs or the Class have suffered any damages.

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed 35% of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $_____. The requested fees and expenses would amount to an average of approximately _____¢ per damaged share in total for fees and expenses. Application will also be made for reimbursement to the Lead Plaintiffs for an amount not to exceed $_____ for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation frequently counsel are awarded a percentage of the common fund recovery as their attorneys' fees.

Further Information

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Co-Lead Counsel: David A.P. Brower, Esq. Brower Piven, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, New York 10022, Telephone: 212-501-9000 or Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Blvd., Los Angeles, California 90024, Telephone (310) 209-2468.

Reasons for the Settlement

For the plaintiffs, the principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For the Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

```
┌─────────────────────────────────────────────────────────────────┐
│                   WHAT THIS NOTICE CONTAINS                       │
└─────────────────────────────────────────────────────────────────┘
```

**Table of Contents**

Page

SUMMARY OF THE NOTICE .......................................................................2

    Statement of Plaintiff Recovery.......................................................2

    Statement of Potential Outcome of Case .........................................2

    Statement of Attorneys' Fees and Costs Sought.............................3

    Further Information............................................................................3

    Reasons for the Settlement...............................................................3

BASIC INFORMATION ...........................................................................6

    1.    Why did I get this notice package? ...................................6

    2.    What is this lawsuit about? ................................................6

    3.    Why is this a class action? ................................................7

    4.    Why is there a settlement? ................................................7

WHO IS IN THE SETTLEMENT................................................................7

    5.    How do I know if I am part of the settlement? .................7

    6.    Are there exceptions to being included?..........................7

    7.    What if I am still not sure if I am included? ....................8

THE SETTLEMENT BENEFITS — WHAT YOU GET ...............................8

    8.    What does the settlement provide? ..................................8

    9.    How much will my payment be? ......................................8

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM....................9

    10.    How can I get a payment?.................................................9

    11.    When would I get my payment? .......................................9

12.   What am I giving up to get a payment? ........................................................9

NO FURTHER EXCLUSION FROM THE
      CLASS.............................................................10

13.   Can I exclude myself from the Class? ........................................................11

THE LAWYERS REPRESENTING THE CLASS.................................................12

15.   Do I have a lawyer in this case?.................................................................12

16.   How will the lawyers be paid?...................................................................12

OBJECTING TO THE SETTLEMENT .................................................................12

17.   How do I tell the Court that I do not like the proposed settlement? ..........12

THE COURT'S SETTLEMENT FAIRNESS HEARING ......................................13

18.   When and where will the Court decide whether to approve the
      proposed settlement?.................................................................................13

19.   Do I have to come to the hearing? .............................................................14

20.   May I speak at the hearing? ......................................................................14

IF YOU DO NOTHING ........................................................................................15

21.   What happens if I do nothing at all? .........................................................15

GETTING MORE INFORMATION......................................................................15

22.   Are there more details about the proposed settlement? ............................15

23.   How do I get more information?.................................................................15

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
      MEMBERS .................................................................................................15

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ......17

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|---|---|

You or someone in your family may have purchased Interlink common stock between period from April 24, 2003 to November 1, 2005, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *In re Interlink Securities Litigation*, Civil Action No. CV05-8133AG. This case was assigned to United States District Judge Andrew J. Guilford. The people who sued are called plaintiffs, and those they sued, Interlink and E. Michael Thoben, III and Paul D. Meyers, are called the Defendants. Westpark Capital, L.P., Brij N. Bhargava and Bill Green were appointed by the Court to serve as the Lead Plaintiffs.

| 2. | What is this lawsuit about? |
|---|---|

Interlink designs, manufactures and markets intuitive interface technologies and products.

In this lawsuit, the Lead Plaintiffs assert that, during the period between April 24, 2003 to November 1, 2005 (the "Class Period"), Interlink and E. Michael Thoben, III ("Thoben") Interlink's President, Chairman, Chief Executive Officer and a Director of Interlink, and Paul D. Meyer ("Meyer"), Interlink's Chief Financial Officer from 1994 until he was elevated from that position on or about August 18, 2005 to the position of Executive Vice President -- made materially false and/or misleading statements regarding, among other things, Interlink's purported financial condition, operations, accounting, growth, income, earnings and prospects.

Specifically, the Lead Plaintiffs assert that Interlink, Meyer and Thoben violated Sections 11, 12(2), and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Defendants vigorously deny allegations of wrongdoing or any liability whatsoever.

The lawsuit seeks money damages against the Defendants for violations of the federal securities laws. Defendants dispute that they did anything wrong and it is their position that they owe no damages. The Court has made no decision regarding the merits of the class claims.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called Lead Plaintiffs (in this case Westpark Capital, L.P., Brij N. Bhargava and Bill Green ), sue on behalf of people who have similar claims. All these people are a class or class members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all class members.

| 4. | Why is there a settlement? |
|---|---|

The Court did not finally decide in favor of the plaintiffs or Defendants. Instead, the parties mediated at arm's length under the supervision of Justice Howard B. Wiener (Ret.), and, thereafter, continued negotiations. During these negotiations the parties agreed to a settlement. That way, they avoid the risks and cost of a trial, and the people affected will get compensation. The Lead Plaintiffs and their attorneys think the settlement is best for the Class.

Plaintiffs, on January 17, 2007, filed an Amended Class Action Complaint. On May 14, 2008, they filed a Second Amended Class Action Complaint (the "Complaint") in the Action. Defendants moved to dismiss the Complaint shortly thereafter, arguing that the Complaint had failed to state a claim under the federal securities laws. On October 10, 2008, the Court denied Defendants' motion to dismiss in its entirety. Defendants then filed an answer to the Complaint denying the material allegations set forth in the Complaint.

### WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court decided that everyone who fits this description is a Class Member: *All persons who purchased the common stock of Interlink Electronics, Inc., between April 24, 2003 to November 1, 2005, inclusive.*

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink, members of any such excluded person's immediate families, and the legal affiliates,

representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

If one of your mutual funds purchased shares of Interlink common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you directly purchased shares of Interlink common stock during the Class Period. Check your investment records or contact your broker to see if you purchased Interlink common stock during the Class Period.

If you **sold** Interlink common stock during the Class Period, that alone does not make you a Class Member. You are a Class Member only if you **purchased** your shares during the Class Period.

| 7. | What if I am still not sure if I am included? |
|----|-----------------------------------------------|

If you are still not sure whether you are included, you can ask for free help. You can call _____ or visit [_____.com] for more information. Or you can fill out and return the Proof of Claim form described on page 9, in question 10, to see if you qualify.

## THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the settlement provide? |
|----|-----------------------------------|

In exchange for the Settlement and dismissal of the Action, Defendants have agreed to create a $5 million fund to be divided, after fees and expenses, among all Class Members who send in valid Proof of Claim forms showing a Recognized Claim.

| 9. | How much will my payment be? |
|----|------------------------------|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of Interlink common stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. It is unlikely that you will get a payment for all of your Recognized Claim. After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims. *See* the Plan of Allocation beginning on page 15 for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

| 10. | How can I get a payment? |
|---|---|

To qualify for a payment, you must send in a Proof of Claim form. A Proof of Claim form is being circulated with this Notice. You may also get a Proof of Claim form on the Internet at \_\_\_\_\_. Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2009**.

| 11. | When would I get my payment? |
|---|---|

The Court will hold a hearing on _____, **2009**, to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Proofs of Claim to be processed. Please be patient.

| 12. | What am I giving up to get a payment? |
|---|---|

Upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" shall collectively mean (including "Unknown Claims" as defined below) any and all claims, rights, debts, demands, causes of actions, suits, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, judgments, variances, executions, obligations, damages, losses, fees, costs, rights, matters, and issues, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, or whether based in equity, whether suspected or unsuspected, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, class or individual in nature, that have been, might have been, or could be asserted (or threatened, alleged, or litigated) at law, in equity, or otherwise, at any time against any of the Released Parties by any member of the Settlement Class, in any capacity, in the Action or in any court of competent jurisdiction or other tribunal or adjudicative body, which arise out of or relate in any way whatsoever to: (a) purchases or sales of Interlink common or other stock or securities during the Class Period; (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted (whether directly, indirectly, representatively, derivatively, or in any other capacity) in the Complaint; (c) any alleged misrepresentation or omission occurring during the Class Period concerning or relating to the financial condition, results of operations, financial statements, press releases, public filings, or any public disclosures by Interlink or any of the Released Parties relating in any way to Interlink; or (d) the conduct of the business of Interlink by any of the Released Parties or Interlink with regard to any of the

allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted (whether directly, indirectly, representatively, derivatively, or in any other capacity) in the Complaint. "Settled Claims" does not mean or include claims, if any, against the Released Parties made in *Bryon C. Jaques v. E. Michael Thoben, et al.*, United States District Court for the Central District of California, Case No. CV 06-7416."Unknown Claims" means any and all Settled Claims that Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Claims which Defendants do not know or suspect to exist in their favor, which if known, might have affected their decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs and Defendants acknowledge, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

"Released Parties" means each and all of Defendants, and all of their respective past or present employees, independent contractors, officers, directors, subsidiaries, parents, successors and predecessors, agents, attorneys, advisors, insurers, investment advisors, auditors, accountants, assigns, spouses, all members of their immediate families, all trusts which are for the benefit of any of them and/or member(s) of their family, the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other

individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

| 13. | Can I exclude myself from the Class? |
|-----|-------------------------------------|

Yes.  If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded.  To do so, you must so state in writing post-marked no later than _____, 2009.  You must set forth: (a) your name, current address and day-time and evening telephone numbers; (b) the number of shares of Interlink common stock you purchased and/or sold during the Class Period and the dates and prices of such purchase(s) and/or sale(s); and (c) a clear and unambiguous statement that you wish to be excluded from the Class.  The request for exclusion should be addressed as follows:

*Interlink Electronics Inc. Securities Litigation*
Claims Administrator
c/o
_____

**Or**

To one of Plaintiffs Co-Lead Counsel, David A.P. Brower, BROWER PIVEN, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, NY 10022 **or** Timothy J. Burke, Esq., STULL, STULL & BRODY, 10940 Wilshire Blvd., Los Angeles, CA  90024.

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you validly request exclusion from the Class (a) you will be excluded from the Class, (b) you will not share in the proceeds of the settlement described herein, (c) you will not be bound by any judgment entered in the Litigation, and (d) you will not be precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the Litigation.

## THE LAWYERS REPRESENTING THE CLASS

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Brower Piven, A Professional Corporation, in New York, NY and Stull, Stull & Brody in Los Angeles, CA will represent the Class.  These lawyers are called Plaintiffs' Co-Lead Counsel.  You will not be separately charged for these lawyers.  The Court will determine the amount of Plaintiffs' Co-Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Plaintiffs' Co-Lead Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount not to exceed 35% of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $_____, plus interest on such expenses at the same rate as earned by the Settlement Fund.

Plaintiffs' Co-Lead Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the settlement and distributing the settlement proceeds to the members of the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| 16. | How do I tell the Court that I do not like the proposed settlement? |
|---|---|

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Co-Lead Counsel for an award of fees and expenses.  You may write to the Court setting out your objection.  You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements.  The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter or other document stating that you object to the proposed settlement in *In re Interlink Securities Litigation*, Civil Action No. CV05-8133AG (SHx)

Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases and sales of Interlink common stock you made during the Class Period, and state the reasons why you object to the Settlement. Your objection must be filed with the Court and served on all the following counsel on or before _____, 2009:

| **COURT** | **PLAINTIFFS' CO-LEAD COUNSEL** | **DEFENDANTS' COUNSEL** |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>for the Central District of<br>California, Southern Division<br>Ronald Reagan Federal Building<br>and U.S. Courthouse<br>411 West Fourth Street<br>Room 1053<br>Santa Ana, CA 92701-4516 | David A.P. Brower<br>BROWER PIVEN, A<br>Professional Corporation<br>488 Madison Avenue<br>Eighth Floor<br>New York, NY 10022<br><br>Timothy J. Burke, Esq.<br>STULL, STULL & BRODY<br>10940 Wilshire Blvd.<br>Los Angeles, CA 90024 | Kevin S. Rosen<br>GIBSON, DUNN &<br>CRUTCHER, LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>Richard Marmaro<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>300 South Grand Avenue<br>Suite 3400<br>Los Angeles, CA 90071 |

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question [16] and question [19] below for filing with the Court and providing to Plaintiffs' Co-Lead Counsel and to Defendants' Counsel a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

### THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| 17. | When and where will the Court decide whether to approve the proposed settlement? |
|---|---|

The Court will hold a Settlement Fairness Hearing at ___:____ ___.m. on ____**day**, _____, **2009**, before Honorable Andrew J. Guilford at the United States District

Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 16. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 19 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel for their fees and expenses. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

| 18. | Do I have to come to the hearing? |
|-----|-----------------------------------|

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you are not required to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required. Class Members are not required to appear at the hearing or take any other action to indicate their approval.

| 19. | May I speak at the hearing? |
|-----|-----------------------------|

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question [17] above) a statement stating that it is your "Notice of Intention to Appear in *In re Interlink Electronics, inc. Securities Litigation*, Civil Action No. CV05-8133AG (SHx)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and who wish to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

You cannot speak at the hearing if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 16 and 17 above.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will get no money from this settlement.  To share in the Net Settlement Fund, you must submit a Proof of Claim form (*see* question 10).

The Order and Final Judgment approving the Settlement will dismiss the Action and settle all Class Members' Settled Claims as against all Released Parties.  Whether or not they submit a Proof of Claim form, all Class Members will be barred and enjoined from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims in this case, ever again.

## GETTING MORE INFORMATION

| 21. | Are there more details about the proposed settlement? |
|---|---|

This notice summarizes the proposed settlement.   More details are in a Stipulation and Agreement of Settlement dated January 22, 2009 (the "Stipulation").  You can get a copy of the Stipulation by writing to David A.P. Brower, Esq. Brower Piven, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, New York 10022, or Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Boulevard, Suite 2300, Los Angeles, California  90024.

You also can call the Claims Administrator at _____, where you will find a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| 22. | How do I get more information? |
|---|---|

For even more detailed information concerning the matters involved in this Action, you can refer to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516 during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $5,000,000.00 Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses

(the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula below is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

An Authorized Claimant's "Recognized Claim" shall mean

Pursuant to the Settlement described herein, a settlement fund consisting of $5,000,000 in cash, plus interest, will be established. Plaintiffs estimate that the average recovery per damaged Interlink share is approximately $.64 per damaged share before deduction of Court-awarded fees and expenses. Depending on the number of claims submitted and when during the Class Period a Class Member purchased Interlink stock and whether those shares were held at the end of the Class Period or sold during the Class Period, and if sold, when they were sold, an individual Class Member may receive more or less than the average amount. An allegedly damaged share might have been traded more than once during the Class Period and the indicated average recovery would be the total for all purchasers of that share.

I. For those Class Members who purchased shares of Interlink between April 23, 2003 and January 10, 2005 and held such shares on November 2, 2005, recognized loss per share will be the lesser of:

A. The price paid less $3.18.

B. $2.92.

II. For those who purchased between January 11, 2005 and November 1, 2005 and held on November 2, 2005, recognized loss per share will be the lesser of:

A. The price paid less $3.18.

B. $2.03.

III. For those who purchased shares between April 23, 2003 and January 10, 2005 and held those shares on January 11, 2005, but did not hold said shares on November 2, 2005, recognized loss per share is the lesser of:

A. The price paid less $9.00.

B. $.89.

A purchase or sale of Interlink common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Interlink common stock during the Class Period shall not be deemed a purchase or sale of Interlink common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Interlink common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Interlink common stock.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Cash Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all Authorized Claimants. Each Authorized Claimant shall be paid an amount determined by multiplying his, her or its "Recognized Claim" by a fraction the numerator of which shall be the Net Settlement Fund and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants.

Class Members who do not file acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not file an acceptable Proofs of Claim will nevertheless be bound by the judgment and the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel.

Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Interlink common stock (former NASDAQ National Market symbol "LINK" currently OTC: "LINK.PK"), during the period between April 24, 2003 to November 1, 2005 inclusive, for the beneficial interest of a person or organization other than yourself, **and if you have not previously provided the Claims Administrator with a list of the names and addresses of your customers who are potential Class Members in connection with the prior notice of pendency,** the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR

17

RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Interlink common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that Interlink common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. **If you previously provided the Claims Administrator with a list of the names and addresses of your beneficiaries for whom you purchased Interlink common stock, then you do not need to respond; the Claims Administrator will send this Notice to those persons as well.** All communications concerning the foregoing should be addressed to the Claims Administrator: _____ ;


Dated:        Santa Ana, California
              _____, 2008


                        By Order of the Court
                        CLERK OF THE COURT

Exhibit A-2

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |

This Document Relates to: All Actions

---

## PROOF OF CLAIM

---

DEADLINE FOR SUBMISSION: _____, **2009**.

IF YOU PURCHASED THE COMMON STOCK INTERLINK ELECTRONICS INC. ("INTERLINK") BETWEEN APRIL 24, 2003 AND NOVEMBER 1, 2005, INCLUSIVE ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Class are Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink at all relevant times, members of any such excluded person's immediate families and their legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, **2009** TO THE FOLLOWING ADDRESS:

In re Interlink Securities Litigation
c/o

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, **2009** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS

LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR
TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL
BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY
TO THE CLAIMS ADMINISTRATOR.

<u>CLAIMANT'S STATEMENT</u>

1.  I affirm that I purchased the common stock of Interlink Electronics, Inc.

("Interlink") between April 24, 2003 and November 1, 2005, inclusive.  (Do not submit this

Proof of Claim if you did not purchase Interlink common stock during this period).

2.  By submitting this Proof of Claim, I state that I believe in good faith that I am a

Class Member as defined above and in the Notice of Proposed Settlement of Class Action,

Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for

such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I

have read and understand the Notice; that I believe that I am entitled to receive a share of the Net

Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice;

and that I have not filed a request for exclusion.  (If you are acting in a representative capacity on

behalf of a Class Member (for example, as an executor, administrator, trustee, or other

representative), you must submit evidence of your current authority to act on behalf of that Class

Member.  Such evidence would include, for example, letters testamentary, letters of

administration, or a copy of the trust documents.)

3.  I consent to the jurisdiction of the Court with respect to all questions concerning

the validity of this Proof of Claim.  I understand and agree that my claim may be subject to

investigation and discovery under the Federal Rules of Civil Procedure, provided that such

investigation and discovery shall be limited to my status as a Class Member and the validity and

amount of my claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.      I have set forth where requested below all relevant information with respect to each purchase Interlink common stock during the Class Period, and each sale, if any, of such securities. I agree to furnish additional information (including transactions in other Interlink securities) to the Claims Administrator to support this claim if requested to do so.

5.      I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Interlink common stock listed below in support of my claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.      I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.      I hereby acknowledge that, upon the occurrence of the Effective Date, by operation of law, I on behalf of myself and on behalf of my heirs, executors, administrators,

predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, I on behalf of it, him, her or them and on behalf of its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) shall fully and completely release, remise and discharge each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-800- ░░░░░ or visit their website at ░░░░░░░ to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.     Statement of Claim

CLAIMANT IDENTIFICATION

_____ / _____

Beneficial Owner's Name (First, Middle, Last)       / Joint Owner's Name

_____

Street Address

_____       _____

City                                          State                    Zip Code

_____       _____

Foreign Province                        Foreign Country

4

_____          _____ (Daytime)

Area Code                        Telephone Number

_____          _____ (Evening)

Area Code                        Telephone Number

Check appropriate box (check only one box):

☐   Individual/Sole Proprietor    ☐   Joint Owners       ☐   Pension Plan
☐   Corporation                   ☐   Partnership        ☐   Trust
☐   IRA                           ☐   Other (describe:_____)

NOTE:   Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name).   Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (for example, a Corporation with multiple brokerage accounts should include all transactions made in [COMPANY _____ securities] during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.)

_____          _____

Social Security Number    or     Taxpayer Identification Number

_____

Record Owner's Name (if different from beneficial owner listed above)


10.     At the close of business on April 23, 2003, I owned _____ shares of

Interlink common stock (If none, write "zero" or "0") (If other than zero, must be documented).[*]


11.     I made the following purchases of Interlink common stock between April 24,

2003 and November 1, 2005, inclusive.  (Persons who received Interlink common stock during

_____

[*]      Documentation to show holding would commonly include the monthly brokerage statement for the account in which the stock was held.

the Class Period other than by purchase are not eligible to submit claims for those transactions) (must be documented)[†]:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |

12.    I made the following sales of Interlink common stock between April 24, 2003 and November 1, 2005, inclusive (If none, write "zero" or "0") (If other than zero, must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |

13.    At the close of trading on November 1, 2005, I owned _____ shares of Interlink common stock (If none, write "zero" or "0") (If other than zero, must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

---

[†]    Documentation to show a purchase or sale should normally include a trade confirmation slip or a monthly statement showing the trade.

14.   Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).   For most individuals, this is your Social Security Number.   The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____

Social Security Number (for individuals) or

_____

Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

15.   Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

7

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN

_____, 2009, AND MUST BE MAILED TO:

In re Interlink Securities Litigation
c/o

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2009, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1. ☐ Please be sure to sign this Proof of Claim on page [__]. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2. ☐ Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

3. ☐ Do NOT use highlighter on the Proof of Claim or any supporting documents.

4.      ☐      If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

## NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim.  Do not assume your claim is submitted until you receive written confirmation of its receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim.  If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll free at 1-800

Exhibit A-3

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |

This Document Relates to: All Actions

---

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

---

TO:  ALL PERSONS WHO PURCHASED THE COMMON STOCK OF INTERLINK ELECTRONICS, INC. ("INTERLINK") BETWEEN APRIL 24, 2003 TO NOVEMBER 1, 2005 INCLUSIVE (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that a settlement for $5 million in cash has been proposed in the above-captioned certified class action. A hearing will be held before the Honorable Andrew J. Guilford, at the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, at ___:____ ___.m., on _____, 2009 to determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of Claim form, you may obtain copies of these documents by contacting the Claims Administrator:

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Plaintiffs' Co-Lead Counsel:

David A.P. Brower, Esq.
Brower Piven, A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, NY 10022
(212) 501-9000

Timothy J. Burke, Esq.
STULL, STULL & BRODY
10940 Wilshire Blvd.
Los Angeles, CA 90024
(310) 209-2468

To participate in the Settlement, you must submit a Proof of Claim no later than _____, 2009. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the Order and Final Judgment of the Court. Any objections to the Settlement must be filed by _____, 2009. If you are a Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by contacting the Claims Administrator.

By Order of The Court

Exhibit B

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION<br><br>This Document Relates to: All Actions | Civil Action No. CV05-8133AG (SHx)<br><br>CLASS ACTION |

## FINAL ORDER AND JUDGEMENT

This matter came before the Court for hearing pursuant to an Order of this Court dated _____, 2009 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement dated as of January ___, 2009 (the "Stipulation"), and, following a hearing on _____, 2009 before this Court to consider the applications of the Settling Parties, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that:

1.     Unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2.     This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses as directed by this Court's Preliminary Approval Order and that the forms and methods for providing

such notice to Class Members constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort, and satisfied all of the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws.

3.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, only for purposes of effectuating this Settlement, a class consisting of all persons who purchased Interlink Electronics, Inc. ("Interlink") common stock during the period from April 24, 2003 through November 1, 2005, inclusive (the "Class" and "Class Period"). Excluded from the Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Class also excludes those Persons who timely and validly request exclusion from the Class pursuant to the Notice sent to Class Members as provided in this Court's Preliminary Approval Order who are listed in Exhibit A hereto. With respect to the Class, the Court finds that:

(a)      the Class meets all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

i.      Class Members are so numerous that joinder of all members is impracticable;

ii.      there are questions of law and fact common to the Class;

iii.     the claims and defenses of the representative parties are typical of

the Class; and

iv.     the representative parties will fairly and adequately protect the

interests of the Class.

(b)     In addition, the Court finds that the Action satisfies the

requirement of Rule 23(b)(3) in that there are questions of law and fact common to the

members of the Class that predominate over any questions affecting only individual

members, and that a class action is superior to other available methods for the fair and

efficient adjudication of the controversy; and

(c)     The Court finds that Westpark Capital, L.P., Brij N. Bhargava and

Bill Green possess claims that are typical of the claims of Class Members and that they

have and will adequately represent the interest of Class Members and appoints them as

the representatives of the Class, and appoints Plaintiffs' Co-Lead Counsel, Brower Piven,

A Professional Corporation, and Stull, Stull & Brody as counsel for the Class.

5.     Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court

hereby approves the Settlement set forth in the Stipulation and finds that said Settlement

is, in all respects, fair, reasonable, and adequate to, and is in the best interests of,

Plaintiffs and each of the Class Members based on:  the Settlement resulting from arm's-

length negotiations between able and experienced counsel representing the interests of

Plaintiffs, the Class Members, and the Defendants; the amount of the recovery for Class

Members being within the range of fairness given the strengths and weaknesses of the

claims and defenses thereto; the ability of the Defendants to withstand a greater

judgment; the risks of non-recovery and/or recovery of a lesser amount than is

represented through the Settlement by continued litigation through all pre-trial, trial and appellate proceeds; and the recommendation of experienced counsel, and the absence of [any/a significant number of] objection[s] from [any] Class Member[s] to the Settlement. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

6.      Upon the Effective Date, Plaintiffs and each of the Class Members (except those persons and/or entities identified in Exhibit A attached hereto who have validly and timely requested exclusion from the Class), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties as provided in the Stipulation, and the Action, including all claims contained therein, are hereby dismissed with prejudice as to Plaintiffs and the other Class Members.

7.      The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

8.      This Court hereby approves the Plan of Allocation as set forth in the Notice, and directs Plaintiffs' Co-Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to preset to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to Class Members as provided in the Stipulation and Plan of Allocation. .

9.     This Court hereby awards Plaintiffs' Co-Lead Counsel attorneys' fees equal to _____ percent of the Settlement Fund (including interest accrued thereon), and reimbursement of their out-of-pocket expenses in the amount of $_____, with interest to accrue thereon at the same rate and for the same periods as has accrues by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Plaintiffs' Co-Lead Counsel as provided in the Stipulation.  The Court find that amount of attorneys fees awarded herein are fair and reasonable based on: the work performed and costs incurred by Plaintiffs' Co-Lead Counsel; the complexity of the case; the risks undertaken by Plaintiffs' Co-Lead Counsel and the contingent nature of their employment; the quality of the work performed by Plaintiffs' Co-Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; awards to successful plaintiffs' counsel in other, similar litigation; the benefits achieved for Class Members through the Settlement; and the absence of [any/a significant number of] objection[s] from [and] Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Plaintiffs' Co-Lead Counsel..  The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Plaintiffs' Co-Lead Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members.  The attorneys' fees awarded and expenses reimbursed above shall be paid to, and distributed between and among Plaintiffs' Co-Lead Counsel, as provided in the Stipulation.

10.     Plaintiff Co-Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members.

11.     All payments of attorneys' fees and reimbursement of expenses to Plaintiffs' Co-Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Plaintiffs' or Plaintiffs' counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

12.     Neither appellate review nor modification of the Plan of Allocation set forth in the Notice or the award to Plaintiffs' Co-Lead Counsel of attorneys' fees and/or reimbursement of expenses shall disturb or affect the final approval of the Settlement as provided in this Judgment and each shall be considered separate for the purposes of appellate review of this Final Judgment

13.     In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.     Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and enforcement of any

6

award or distribution from the Settlement Fund or Net Settlement Fund, (b) disposition

of the Settlement Fund or Net Settlement Fund; (c) determining applications for payment

attorneys' fees and/or expenses incurred by Plaintiffs' Co-Lead Counsel in connection

with administration and distribution of the New Settlement Fund, (d) payment of taxes

by the settlement Fund, (e) all parties hereto for the purpose of construing, enforcing, and

administering the Stipulation, and (f) any other matters related to finalizing the

Settlement and distribution of the proceeds of the Settlement.


Date: _____, 2009        _____
                                        Honorable Andrew J. Guilford
                                        United States District Judge