TIMOTHY J. BURKE, SBN 181866
STULL, STULL & BRODY
10940 Wilshire Boulevard, Suite 2300
Los Angeles, California 90024
Telephone: (310) 209-2468
Facsimile: (310) 209-2087
TBurke@SSBLA.com
Attorneys for Co-Lead Plaintiffs,
WESTPARK CAPITAL, L.P., BRIG
BHARGAVA, and BILL GREEN



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

FEB - 9 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

CHARLES J. PIVEN, *pro hac vice*
BROWER PIVEN, A
PROFESSIONAL CORPORATION
The World Trade Center – Baltimore
401 East Pratt Street, Suite 2525
Baltimore, Maryland 21202
Telephone: (410) 322-0030
Facsimile: (410) 685-1300
Piven@BrowerPiven.com
Attorneys for Co-Lead Plaintiffs,
WESTPARK CAPITAL, L.P., BRIG
BHARGAVA, and BILL GREEN

KEVIN S. ROSEN, SBN 133304
DANIEL S. FLOYD, SBN 123819
SHANNON E. MADER, SBN 235271
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
KRosen@gibsondunn.com
Attorneys for Defendants,
INTERLINK ELECTRONICS, INC., and
MICHAEL THOBEN, III

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re INTERLINK ELECTRONICS, INC., SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions. | CASE NO. CV05-8133-AG (SHx)<br><br>The Honorable Andrew J. Guilford<br><br>**Class Action**<br><br>**PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS** |

Gibson, Dunn &
Crutcher LLP

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |
| | CLASS ACTION |
| This Document Relates to: All Actions | |

## PRELIMINARY ORDER FOR NOTICE AND HEARING IN CONNECTION WITH SETTLEMENT PROCEEDINGS

**WHEREAS**, on January 22, 2009, the parties to the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of the claims alleged in the Complaint on the merits and with prejudice; and

**WHEREAS**, the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this 9ᵀᴴ day of FEBRUARY, 2009 that:

1.     For purposes of Settlement only, pursuant to Rules 23(a) and (b) of the Federal Rules of Civil Procedure, the Court hereby preliminarily certifies a Class consisting of all those who purchased or otherwise acquired the common stock of Interlink, Inc. ("Interlink" or the "Company") between April 24, 2003 and November 1, 2005, inclusive (the "Class Period") and

who were damaged thereby (the "Settlement Class"). Excluded from the Settlement Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Court conditionally certifies Lead Plaintiffs Westpark Capital, L.P., Brij N. Bhargava and Bill Green as Class representatives and Lead Plaintiffs' co-lead counsel, Brower Piven, A Professional Corporation and Stull, Stull & Brody, as counsel for the Class.

2.     The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Settlement Fairness Hearing described below.

3.     A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on JUNE 1, 2009, at 10:00 a.m. for the following purposes:

(a)     to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b) of the Federal Rules of Civil Procedure;

(b)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine whether the Final Order and Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with

2

prejudice, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(e)     to consider Plaintiffs' Counsel's application for an award of attorneys' fees and reimbursement of expenses; and

(f)     to rule upon such other matters as the Court may deem appropriate.

4.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Order and Judgment approving the Stipulation and dismissing the Complaint on the merits and with prejudice regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

5.     The Court approves the form, substance and requirements of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice") and the Proof of Claim form, annexed hereto as Exhibits 1 and 2 respectively.

6.     The Court approves the appointment of GARDEN CITY GROUP as the Claims Administrator. The Claims Administrator shall cause the Notice and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before FEB 23     , 2009, to all Class Members who can be identified with reasonable effort, including all persons who were previously mailed the notice of pendency other than those

3

persons who previously requested exclusion from the Class. The Claims Administrator shall use reasonable efforts to give notice to Authorized Claimants of the Settlement Class, such as brokerage firms and other persons or entities who purchased Interlink Electronics, Inc. common stock during the Class Period as record owners but not as beneficial owners. Nominee purchasers are directed, within seven (7) days of receipt of their Notice, (a) to provide the Claims Administrator with lists of the names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such identified beneficial owners; or (b) to request additional copies of the Notice and Proof of Claim from the Claims Administrator and within seven (7) days of receipt of the copies of the Notices and Proof of Claim forms from the Claims Administrator to mail the Notice and Proof of Claim to the beneficial owners. Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Nominee purchasers who previously provided the Claims Administrator with lists of the names and addresses of the beneficial owners do not need to provide that information again. Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notices and Proofs of Claim to beneficial owners. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

7.      The Court approves the form of Publication Notice of the proposed settlement of this Action in substantially the form and content annexed hereto as Exhibit 3 and directs that Plaintiffs' Co-Lead Counsel shall cause the Publication Notice to be published on three (3) days

4

over *Business Wire* on the tenth, fifteen, and twentieth days (or the first business day after each such date if such day falls on a weekend or holiday) after the mailing of the Notice. Plaintiffs' Co-Lead Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Publication Notice.

8.      The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

9.      In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a)      A properly executed Proof of Claim (the "Proof of Claim"), substantially in the form attached hereto as Exhibit 2, must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked not later than July 3, 2009. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice.

5

(b)     The Proof of Claim submitted by each Class Member must satisfy the following conditions:  (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Plaintiffs' Co-Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

10.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Class. The persons and entities who request exclusion from the Class will be excluded from the Class and shall not be entitled to submit any Proof of Claim forms and shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and in the Notice. To request exclusion from the Class, a putative Class member must send a letter, postmarked no later than APRil 23, 2009, send to one of the following:  the Interlink Claims Administrator,

6

_GARDEN CITY GROUP_, Plaintiffs' Co-Lead Counsel, David A.P. Brower, Brower Piven, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, NY 10022 **or** Plaintiffs' Co-Lead Counsel Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Blvd., Los Angeles, California 90024. For a request for exclusion to be valid, the putative Class Member's request for exclusion must include the Class Member's name, current address, and day-time and evening telephone numbers; the dates of all such Class Member's purchases and/or sales of Interlink common stock during the Class Period; the number of shares purchased and/or sold on each such date; the prices paid and/or received for all such shares on each such date; and a clear and unambiguous statement that such putative Class Member wished to be excluded from the Class. No further opportunity to request exclusion will be given in this Action.

11.     The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are filed in writing with the Clerk of the Court, United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Room 1053 Santa Ana, CA 92701-4516, and copies of all such papers are served, on or before MAY 11 _____, 2009, upon each of the following: David A.P. Brower, Brower Piven, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, NY 10022 and Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Blvd., Los Angeles, California 90024 on behalf of the Lead Plaintiff and the Class; and Kevin S. Rosen, Gibson, Dunn & Crutcher, LLP, 333 South Grand Avenue, Los Angeles, CA 90071 and Richard Marmaro, Skadden, Arps, Slate, Meagher & Flom LLP, 300 South Grand Avenue, Suite 3400, Los Angeles, CA 90071 on behalf of the Defendants. Attendance at the hearing is not necessary;

7

however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

13. 12.  Any Class Member who does not object to the Settlement and/or the Plan of Allocation and/or Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of litigation expenses in the manner prescribed in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Judgment to be entered approving the Settlement, the Plan of Allocation or the application by Plaintiffs' Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses and by the Class Representative for reimbursement of his reasonable costs and expenses (including lost wages) directly related to his representation of the Class.

13.  Pending final determination of whether the Settlement should be approved, the Class Representative and all other Class Members, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

8

14.    As provided in the Stipulation, Plaintiffs' Co-Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Class and the review of claims and administration of the Settlement out of the Gross Settlement Fund without further order of the Court.

15.    If:    (a) the Settlement is terminated by Defendants pursuant to § 8.6 of the Stipulation and in accordance with the Supplemental Agreement and; or (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiffs' Co-Lead Counsel or Counsel for the Defendants elects to terminate the Settlement as provided in § 8.2 of the Stipulation, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Order shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be restored to his, her or its respective position as it existed immediately before execution of the Stipulation.

16.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: Santa Ana, California

FEB 9            , 2009

Honorable Andrew J. Guilford
United States District Judge

Exhibit 1

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |

---

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND SETTLEMENT FAIRNESS HEARING

---

**If you purchased the common stock of Interlink Electronics, Inc ("Interlink") between April 24, 2003 to November 1, 2005, inclusive, then you could get a payment from a class action settlement.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- The settlement will provide a $5,000,000.00 cash settlement fund for the benefit of investors who bought shares of Interlink common stock between April 24, 2003 and November 1, 2005, inclusive.

- The settlement resolves a lawsuit alleging that Defendants knowingly or recklessly misled investors about, among other things, Interlink's purported financial condition, operations, accounting, growth, income, earnings and prospects.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2009** | The only way to get a payment. |
| **OBJECT BY _____, 2009** | Write to the Court about why you do not like the settlement. |
| **GO TO A HEARING ON _____, 2009** | Ask to speak in Court about the settlement. |

| DO NOTHING | Get no payment.  Give up rights. |
|---|---|

- These rights and options - **and the deadlines to exercise them** - are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals, if any, are resolved.  Please be patient.

## SUMMARY OF THE NOTICE

Statement of Plaintiff Recovery

Pursuant to the settlement described herein, a Settlement Fund consisting of $5,000,000.00 in cash, plus interest, has been established.  Plaintiffs estimate that there were approximately __ million shares of Interlink common stock traded during the Class Period which may have been damaged.  Plaintiffs estimate that the average recovery per damaged share of Interlink common stock under the settlement is $0.64  per damaged share[1] before deduction of Court-awarded attorneys' fees.  A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's Recognized Claim as compared to the total Recognized Claims of all Class Members who submit acceptable Proofs of Claim.  Depending on the number of shares for which claims are submitted, when during the Class Period a Class Member purchased shares of Interlink common stock, the purchase price paid, and whether those shares were held at the end of the Class Period or sold during the Class Period, and, if sold, when they were sold and the amount received, an individual Class Member may receive more or less than this average amount.  *See* the Plan of Allocation beginning on page 15 for more information on your Recognized Claim.

Statement of Potential Outcome of Case

The parties disagree on both liability and damages and do not agree on the average amount of damages per share that would be recoverable if the Class were to have prevailed on each claim alleged.  The issues on which the parties disagree include (a) whether the statements made or facts allegedly omitted were material or otherwise actionable under the federal securities laws; (b) the amount by which Interlink common stock was allegedly artificially inflated (if at all) during the Class Period; (c) the extent to which external factors, such as general market and industry conditions affected the trading price of Interlink common stock at various times during the Class Period; (d) the extent (if any) to which the various matters that plaintiffs allege were materially false or misleading affected the trading price of Interlink common stock at various times during the Class Period; (e) the extent (if any) to which the various allegedly adverse

---

[1]     An allegedly damaged share might have been traded more than once during the Class Period, and the indicated average recovery would be the total for all purchasers of that share.

2

material facts that plaintiffs allege were omitted affected the trading price of Interlink common stock at various times during the Class Period; and (f) the appropriate economic model for determining the amount by which Interlink common stock was allegedly artificially inflated (if at all) during the Class Period. The Lead Plaintiffs acknowledges that it is possible that he may not prevail on any or all of his claims and that therefore the Class may recover nothing at all. The Defendants deny that they are liable to the Lead Plaintiffs or the Class and deny that the Lead Plaintiffs or the Class have suffered any damages.

Statement of Attorneys' Fees and Costs Sought

Plaintiffs' Counsel are moving the Court to award attorneys' fees not to exceed 35% of the Gross Settlement Fund, and for reimbursement of expenses incurred in connection with the prosecution of this Action in the approximate amount of $_____. The requested fees and expenses would amount to an average of approximately _____¢ per damaged share in total for fees and expenses. Application will also be made for reimbursement to the Lead Plaintiffs for an amount not to exceed $_____ for reimbursement of their reasonable costs and expenses (including lost wages) directly relating to their representation of the Class. Plaintiffs' Counsel have expended considerable time and effort in the prosecution of this litigation on a contingent fee basis, and have advanced the expenses of the litigation, in the expectation that if they were successful in obtaining a recovery for the Class they would be paid from such recovery. In this type of litigation frequently counsel are awarded a percentage of the common fund recovery as their attorneys' fees.

Further Information

Further information regarding the Action and this Notice may be obtained by contacting Plaintiffs' Co-Lead Counsel: David A.P. Brower, Esq. Brower Piven, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, New York 10022, Telephone: 212-501-9000 or Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Blvd., Los Angeles, California 90024, Telephone (310) 209-2468.

Reasons for the Settlement

For the plaintiffs, the principal reason for the settlement is the benefit to be provided to the Class now. This benefit must be compared to the risk that no recovery might be achieved after a contested trial and likely appeals, possibly years into the future.

For the Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reason for the settlement is to eliminate the expense, risks, and uncertain outcome of the litigation.

| WHAT THIS NOTICE CONTAINS |
|---|

## Table of Contents

**Page**

SUMMARY OF THE NOTICE ..................................................................................2

    Statement of Plaintiff Recovery.......................................................................2

    Statement of Potential Outcome of Case .......................................................2

    Statement of Attorneys' Fees and Costs Sought.............................................3

    Further Information..........................................................................................3

    Reasons for the Settlement..............................................................................3

BASIC INFORMATION........................................................................................6

    1.    Why did I get this notice package? ............................................6

    2.    What is this lawsuit about? .........................................................6

    3.    Why is this a class action? ..........................................................7

    4.    Why is there a settlement? ..........................................................7

WHO IS IN THE SETTLEMENT...........................................................................7

    5.    How do I know if I am part of the settlement? ...........................7

    6.    Are there exceptions to being included?......................................7

    7.    What if I am still not sure if I am included? ...............................8

THE SETTLEMENT BENEFITS — WHAT YOU GET .........................................8

    8.    What does the settlement provide? .............................................8

    9.    How much will my payment be? .................................................8

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM.....................9

    10.    How can I get a payment?.........................................................9

    11.    When would I get my payment? ...............................................9

4

12.     What am I giving up to get a payment? ........................................................9

NO FURTHER EXCLUSION FROM THE
        CLASS..................................................................10

13.     Can I exclude myself from the Class? ........................................................11

THE LAWYERS REPRESENTING THE CLASS.......................................................12

15.     Do I have a lawyer in this case?.................................................................12

16.     How will the lawyers be paid?..................................................................12

OBJECTING TO THE SETTLEMENT ...........................................................................12

17.     How do I tell the Court that I do not like the proposed settlement? ..........12

THE COURT'S SETTLEMENT FAIRNESS HEARING ............................................13

18.     When and where will the Court decide whether to approve the
        proposed settlement?.................................................................................13

19.     Do I have to come to the hearing? ............................................................14

20.     May I speak at the hearing? .....................................................................14

IF YOU DO NOTHING .................................................................................................15

21.     What happens if I do nothing at all? ........................................................15

GETTING MORE INFORMATION................................................................................15

22.     Are there more details about the proposed settlement? .............................15

23.     How do I get more information?................................................................15

PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS
        MEMBERS ................................................................................................15

SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES ........................17

## BASIC INFORMATION

| 1. | Why did I get this notice package? |
|----|-------------------------------------|

You or someone in your family may have purchased Interlink common stock between period from April 24, 2003 to November 1, 2005, inclusive.

The Court directed that this Notice be sent to Class Members because they have a right to know about a proposed settlement of a class action lawsuit, and about all of their options, before the Court decides whether to approve the settlement. If the Court approves the settlement, and after objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *In re Interlink Securities Litigation*, Civil Action No. CV05-8133AG. This case was assigned to United States District Judge Andrew J. Guilford. The people who sued are called plaintiffs, and those they sued, Interlink and E. Michael Thoben, III and Paul D. Meyers, are called the Defendants. Westpark Capital, L.P., Brij N. Bhargava and Bill Green were appointed by the Court to serve as the Lead Plaintiffs.

| 2. | What is this lawsuit about? |
|----|------------------------------|

Interlink designs, manufactures and markets intuitive interface technologies and products.

In this lawsuit, the Lead Plaintiffs assert that, during the period between April 24, 2003 to November 1, 2005 (the "Class Period"), Interlink and E. Michael Thoben, III ("Thoben") Interlink's President, Chairman, Chief Executive Officer and a Director of Interlink, and Paul D. Meyer ("Meyer"), Interlink's Chief Financial Officer from 1994 until he was elevated from that position on or about August 18, 2005 to the position of Executive Vice President -- made materially false and/or misleading statements regarding, among other things, Interlink's purported financial condition, operations, accounting, growth, income, earnings and prospects.

Specifically, the Lead Plaintiffs assert that Interlink, Meyer and Thoben violated Sections 11, 12(2), and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. Defendants vigorously deny allegations of wrongdoing or any liability whatsoever.

The lawsuit seeks money damages against the Defendants for violations of the federal securities laws. Defendants dispute that they did anything wrong and it is their position that they owe no damages. The Court has made no decision regarding the merits of the class claims.

6

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more people called Lead Plaintiffs (in this case Westpark Capital, L.P., Brij N. Bhargava and Bill Green ), sue on behalf of people who have similar claims. All these people are a class or class members. Bringing a case, such as this one, as a class action allows adjudication of many similar claims of persons and entities that might be economically too small to bring in individual actions. One court resolves the issues for all class members.

| 4. | Why is there a settlement? |
|---|---|

The Court did not finally decide in favor of the plaintiffs or Defendants. Instead, the parties mediated at arm's length under the supervision of Justice Howard B. Wiener (Ret.), and, thereafter, continued negotiations. During these negotiations the parties agreed to a settlement. That way, they avoid the risks and cost of a trial, and the people affected will get compensation. The Lead Plaintiffs and their attorneys think the settlement is best for the Class.

Plaintiffs, on January 17, 2007, filed an Amended Class Action Complaint. On May 14, 2008, they filed a Second Amended Class Action Complaint (the "Complaint") in the Action. Defendants moved to dismiss the Complaint shortly thereafter, arguing that the Complaint had failed to state a claim under the federal securities laws. On October 10, 2008, the Court denied Defendants' motion to dismiss in its entirety. Defendants then filed an answer to the Complaint denying the material allegations set forth in the Complaint.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. | How do I know if I am part of the settlement? |
|---|---|

The Court decided that everyone who fits this description is a Class Member: *All persons who purchased the common stock of Interlink Electronics, Inc., between April 24, 2003 to November 1, 2005, inclusive.*

| 6. | Are there exceptions to being included? |
|---|---|

Excluded from the Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink, members of any such excluded person's immediate families, and the legal affiliates,

7

representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party.

If one of your mutual funds purchased shares of Interlink common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you directly purchased shares of Interlink common stock during the Class Period.  Check your investment records or contact your broker to see if you purchased Interlink common stock during the Class Period.

If you **sold** Interlink common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you **purchased** your shares during the Class Period.

| 7. | What if I am still not sure if I am included? |
|----|----------------------------------------------|

If you are still not sure whether you are included, you can ask for free help.  You can call _____ or visit [_____.com] for more information.  Or you can fill out and return the Proof of Claim form described on page 9, in question 10, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

| 8. | What does the settlement provide? |
|----|-----------------------------------|

In exchange for the Settlement and dismissal of the Action, Defendants have agreed to create a $5 million fund to be divided, after fees and expenses, among all Class Members who send in valid Proof of Claim forms showing a Recognized Claim.

| 9. | How much will my payment be? |
|----|------------------------------|

Your share of the fund will depend on the total Recognized Claims represented by the valid Proof of Claim forms that Class Members send in, how many shares of Interlink common stock you bought, how much you paid for them, and when you bought and whether or when you sold them, and if so for how much you sold them.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation.  It is unlikely that you will get a payment for all of your Recognized Claim.  After all Class Members have sent in their Proof of Claim forms, the payment you get will be a part of the Net Settlement Fund equal to your Recognized Claim divided by the total of everyone's Recognized Claims.  *See* the Plan of Allocation beginning on page 15 for more information on your Recognized Claim.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

| |
|---|
| 10.    How can I get a payment? |

To qualify for a payment, you must send in a Proof of Claim form.  A Proof of Claim form is being circulated with this Notice.  You may also get a Proof of Claim form on the Internet at _____.   Read the instructions carefully, fill out the Proof of Claim form, include all the documents the form asks for, sign it, and mail it postmarked no later than _____, **2009**.

| |
|---|
| 11.    When would I get my payment? |

The Court will hold a hearing on _____, **2009,** to decide whether to approve the settlement.  If the Court approves the settlement after that, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| |
|---|
| 12.    What am I giving up to get a payment? |

Upon the "Effective Date," you will release all "Settled Claims" (as defined below) against the "Released Parties" (as defined below).

"Settled Claims" shall collectively mean (including "Unknown Claims" as defined below) any and all claims, rights, debts, demands, causes of actions, suits, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, judgments, variances, executions, obligations, damages, losses, fees, costs, rights, matters, and issues, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, or whether based in equity, whether suspected or unsuspected, fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, matured or un-matured, class or individual in nature, that have been, might have been, or could be asserted (or threatened, alleged, or litigated) at law, in equity, or otherwise, at any time against any of the Released Parties by any member of the Settlement Class, in any capacity, in the Action or in any court of competent jurisdiction or other tribunal or adjudicative body, which arise out of or relate in any way whatsoever to: (a) purchases or sales of Interlink common or other stock or securities during the Class Period; (b) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted (whether directly, indirectly, representatively, derivatively, or in any other capacity) in the Complaint; (c) any alleged misrepresentation or omission occurring during the Class Period concerning or relating to the financial condition, results of operations, financial statements, press releases, public filings, or any public disclosures by Interlink or any of the Released Parties relating in any way to Interlink; or (d) the conduct of the business of Interlink by any of the Released Parties or Interlink with regard to any of the

9

allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, referred to or that could have been asserted (whether directly, indirectly, representatively, derivatively, or in any other capacity) in the Complaint. "Settled Claims" does not mean or include claims, if any, against the Released Parties made in *Bryon C. Jaques v. E. Michael Thoben, et al.*, United States District Court for the Central District of California, Case No. CV 06-7416. "Unknown Claims" means any and all Settled Claims that Lead Plaintiffs or any Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any Settled Claims which Defendants do not know or suspect to exist in their favor, which if known, might have affected their decision(s) with respect to the Settlement. With respect to any and all Settled Claims, the parties stipulate and agree that upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Class Member shall be deemed to have, and by operation of the Order and Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or international or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Settled Claims, but Lead Plaintiffs shall expressly and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Settled Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs and Defendants acknowledge, and Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the settlement of which this release is a part.

"Released Parties" means each and all of Defendants, and all of their respective past or present employees, independent contractors, officers, directors, subsidiaries, parents, successors and predecessors, agents, attorneys, advisors, insurers, investment advisors, auditors, accountants, assigns, spouses, all members of their immediate families, all trusts which are for the benefit of any of them and/or member(s) of their family, the legal representatives, heirs or successors in interest of all of the foregoing, and any person, firm, trust, corporation, officer, director or other

10

individual or entity in which any one of them has a controlling interest or which is related to or affiliated with any of the foregoing.

The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes final and not subject to appeal.

If you remain a member of the Class, all of the Court's orders will apply to you and legally bind you.

| 13. | Can I exclude myself from the Class? |
|-----|--------------------------------------|

Yes. If you do not wish to be included in the Class and you do not wish to participate in the proposed settlement described in this Notice you may request to be excluded. To do so, you must so state in writing post-marked no later than _____, 2009. You must set forth: (a) your name, current address and day-time and evening telephone numbers; (b) the number of shares of Interlink common stock you purchased and/or sold during the Class Period and the dates and prices of such purchase(s) and/or sale(s); and (c) a clear and unambiguous statement that you wish to be excluded from the Class. The request for exclusion should be addressed as follows:

*Interlink Electronics Inc. Securities Litigation*
Claims Administrator
c/o

_____

**Or**

To one of Plaintiffs Co-Lead Counsel, David A.P. Brower, BROWER PIVEN, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, NY 10022 **or** Timothy J. Burke, Esq., STULL, STULL & BRODY, 10940 Wilshire Blvd., Los Angeles, CA 90024.

NO REQUEST FOR EXCLUSION WILL BE CONSIDERED VALID UNLESS ALL OF THE INFORMATION DESCRIBED ABOVE IS INCLUDED IN ANY SUCH REQUEST.

If you validly request exclusion from the Class (a) you will be excluded from the Class, (b) you will not share in the proceeds of the settlement described herein, (c) you will not be bound by any judgment entered in the Litigation, and (d) you will not be precluded, by reason of your decision to request exclusion from the Class, from otherwise prosecuting an individual claim, if timely, against the Defendants based on the matters complained of in the Litigation.

## THE LAWYERS REPRESENTING THE CLASS

| |
|---|
| 14.    Do I have a lawyer in this case? |

The Court ordered that the law firms of Brower Piven, A Professional Corporation, in New York, NY and Stull, Stull & Brody in Los Angeles, CA will represent the Class. These lawyers are called Plaintiffs' Co-Lead Counsel. You will not be separately charged for these lawyers. The Court will determine the amount of Plaintiffs' Co-Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| |
|---|
| 15.    How will the lawyers be paid? |

Plaintiffs' Co-Lead Counsel are moving the Court to award attorneys' fees from the Gross Settlement Fund in an amount not to exceed 35% of the Gross Settlement Fund and for reimbursement of their expenses in the approximate amount of $_____, plus interest on such expenses at the same rate as earned by the Settlement Fund.

Plaintiffs' Co-Lead Counsel, without further notice to the Class, will subsequently apply to the Court for payment of the Claims Administrator's fees and expenses incurred in connection with giving notice, administering the settlement and distributing the settlement proceeds to the members of the Class.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the settlement or some part of it.

| |
|---|
| 16.    How do I tell the Court that I do not like the proposed settlement? |

If you are a Class Member you can object to the Settlement or any of its terms, the proposed Plan of Allocation and/or the application by Plaintiffs' Co-Lead Counsel for an award of fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the Settlement terms or arrangements. The Court will consider your views if you file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter or other document stating that you object to the proposed settlement in *In re Interlink Securities Litigation*, Civil Action No. CV05-8133AG (SHx)

Be sure to include your name, address, telephone number, and your signature, identify the date(s), price(s), and number(s) of shares of all purchases and sales of Interlink common stock you made during the Class Period, and state the reasons why you object to the Settlement. Your objection must be filed with the Court and served on all the following counsel on or before _____, 2009:

| COURT | PLAINTIFFS' CO-LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>for the Central District of<br>California, Southern Division<br>Ronald Reagan Federal Building<br>and U.S. Courthouse<br>411 West Fourth Street<br>Room 1053<br>Santa Ana, CA 92701-4516 | David A.P. Brower<br>BROWER PIVEN, A<br>Professional Corporation<br>488 Madison Avenue<br>Eighth Floor<br>New York, NY 10022<br><br>Timothy J. Burke, Esq.<br>STULL, STULL & BRODY<br>10940 Wilshire Blvd.<br>Los Angeles, CA 90024 | Kevin S. Rosen<br>GIBSON, DUNN &<br>CRUTCHER, LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071<br><br>Richard Marmaro<br>SKADDEN, ARPS, SLATE,<br>MEAGHER & FLOM LLP<br>300 South Grand Avenue<br>Suite 3400<br>Los Angeles, CA 90071 |

You do not need to go to the Settlement Fairness Hearing to have your written objection considered by the Court. At the Settlement Fairness Hearing, any Class Member who has not previously submitted a request for exclusion from the Class and who has complied with the procedures set out in this question [16] and question [19] below for filing with the Court and providing to Plaintiffs' Co-Lead Counsel and to Defendants' Counsel a statement of an intention to appear at the Settlement Fairness Hearing may also appear and be heard, to the extent allowed by the Court, to state any objection to the Settlement, the Plan of Allocation or Plaintiffs' Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at that objector's expense, for a lawyer to represent the objector at the Hearing.

## THE COURT'S SETTLEMENT FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the proposed settlement. You may attend and you may ask to speak, but you do not have to.

| | |
|---|---|
| 17. | When and where will the Court decide whether to approve the proposed settlement? |

The Court will hold a Settlement Fairness Hearing at ___:_____ ___.m. on ____**day**, _____, **2009**, before Honorable Andrew J. Guilford at the United States District

13

Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. At the Settlement Fairness Hearing, the Court also will consider the proposed Plan of Allocation for the proceeds of the Settlement and the application of Plaintiffs' Co-Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 16. The Court also may listen to people who have properly indicated, within the deadline identified above, an intention to speak at the hearing; but decisions regarding the conduct of the hearing will be made by the Court. *See* question 19 for more information about speaking at the hearing. The Court may also decide how much to pay to Plaintiffs' Counsel for their fees and expenses. At or after the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

You should be aware that the Court may change the date and time of the Settlement Fairness Hearing. Thus, if you want to come to the hearing, you should check with Plaintiffs' Co-Lead Counsel before coming to be sure that the date and/or time has not changed.

| 18. | Do I have to come to the hearing? |
| --- | --- |

No. Plaintiffs' Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you are not required to come to Court to talk about it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required. Class Members are not required to appear at the hearing or take any other action to indicate their approval.

| 19. | May I speak at the hearing? |
| --- | --- |

If you object to the Settlement, you may ask the Court for permission to speak at the Settlement Fairness Hearing. To do so, you must include with your objection (see question [17] above) a statement stating that it is your "Notice of Intention to Appear in *In re Interlink Electronics, inc. Securities Litigation*, Civil Action No. CV05-8133AG (SHx)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or counsel's application for an award of attorneys' fees and expenses and who wish to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.

You cannot speak at the hearing if you have not provided written notice of your intention to speak at the Settlement Fairness Hearing by the deadline identified, and in accordance with the procedures described in questions 16 and 17 above.

## IF YOU DO NOTHING

| 20. | What happens if I do nothing at all? |
|-----|--------------------------------------|

If you do nothing, you will get no money from this settlement.  To share in the Net Settlement Fund, you must submit a Proof of Claim form (*see* question 10).

The Order and Final Judgment approving the Settlement will dismiss the Action and settle all Class Members' Settled Claims as against all Released Parties.  Whether or not they submit a Proof of Claim form, all Class Members will be barred and enjoined from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Parties about the Settled Claims in this case, ever again.

## GETTING MORE INFORMATION

| 21. | Are there more details about the proposed settlement? |
|-----|-------------------------------------------------------|

This notice summarizes the proposed settlement.   More details are in a Stipulation and Agreement of Settlement dated January 22, 2009 (the "Stipulation").  You can get a copy of the Stipulation by writing to David A.P. Brower, Esq. Brower Piven, A Professional Corporation, 488 Madison Avenue, Eighth Floor, New York, New York 10022, or Timothy J. Burke, Esq., Stull, Stull & Brody, 10940 Wilshire Boulevard, Suite 2300, Los Angeles, California  90024.

You also can call the Claims Administrator at _____, where you will find a Proof of Claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

| 22. | How do I get more information? |
|-----|-------------------------------|

For even more detailed information concerning the matters involved in this Action, you can refer to the pleadings, to the Stipulation, to the Orders entered by the Court and to the other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516 during regular business hours.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The $5,000,000.00 Cash Settlement Amount and the interest earned thereon shall be the Gross Settlement Fund.  The Gross Settlement Fund, less all taxes, approved costs, fees and expenses

(the "Net Settlement Fund") shall be distributed to members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants").

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula below is not intended to be an estimate of the amount of what a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

An Authorized Claimant's "Recognized Claim" shall mean

Pursuant to the Settlement described herein, a settlement fund consisting of $5,000,000 in cash, plus interest, will be established. Plaintiffs estimate that the average recovery per damaged Interlink share is approximately $.64 per damaged share before deduction of Court-awarded fees and expenses. Depending on the number of claims submitted and when during the Class Period a Class Member purchased Interlink stock and whether those shares were held at the end of the Class Period or sold during the Class Period, and if sold, when they were sold, an individual Class Member may receive more or less than the average amount. An allegedly damaged share might have been traded more than once during the Class Period and the indicated average recovery would be the total for all purchasers of that share.

I. For those Class Members who purchased shares of Interlink between April 23, 2003 and January 10, 2005 and held such shares on November 2, 2005, recognized loss per share will be the lesser of:

A. The price paid less $3.18.

B. $2.92.

II. For those who purchased between January 11, 2005 and November 1, 2005 and held on November 2, 2005, recognized loss per share will be the lesser of:

A. The price paid less $3.18.

B. $2.03.

III. For those who purchased shares between April 23, 2003 and January 10, 2005 and held those shares on January 11, 2005, but did not hold said shares on November 2, 2005, recognized loss per share is the lesser of:

A. The price paid less $9.00.

B. $.89.

A purchase or sale of Interlink common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, devise or operation of law of Interlink common stock during the Class Period shall not be deemed a purchase or sale of Interlink common stock for the calculation of an Authorized Claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Interlink common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Interlink common stock.

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Cash Settlement Fund based on his, her or its Recognized Claim compared to the Total Recognized Claims of all Authorized Claimants. Each Authorized Claimant shall be paid an amount determined by multiplying his, her or its "Recognized Claim" by a fraction the numerator of which shall be the Net Settlement Fund and the denominator of which shall be the Total Recognized Claims of all Authorized Claimants.

Class Members who do not file acceptable Proofs of Claim will not share in the settlement proceeds. Class Members who do not file an acceptable Proofs of Claim will nevertheless be bound by the judgment and the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of un-cashed distributions or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund one (1) year after the initial distribution of such funds shall be re-distributed to Class Members who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such re-distribution. If after six months after such re-distribution any funds shall remain in the Net Settlement Fund, then such balance shall be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s) designated by Plaintiffs' Co-Lead Counsel.

Plaintiffs, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased Interlink common stock (former NASDAQ National Market symbol "LINK" currently OTC: "LINK.PK"), during the period between April 24, 2003 to November 1, 2005 inclusive, for the beneficial interest of a person or organization other than yourself, **and if you have not previously provided the Claims Administrator with a list of the names and addresses of your customers who are potential Class Members in connection with the prior notice of pendency,** the Court has directed that, WITHIN SEVEN (7) DAYS OF YOUR

17

RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased Interlink common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within seven (7) days mail the Notice and Proof of Claim form directly to the beneficial owners of that Interlink common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable expenses actually incurred in connection with the foregoing, including reimbursement of postage expense and the cost of ascertaining the names and addresses of beneficial owners. Those expenses will be paid upon request and submission of appropriate supporting documentation. **If you previously provided the Claims Administrator with a list of the names and addresses of your beneficiaries for whom you purchased Interlink common stock, then you do not need to respond; the Claims Administrator will send this Notice to those persons as well.** All communications concerning the foregoing should be addressed to the Claims Administrator: _____ ,

Dated:        Santa Ana, California
              _____, 2008

                              By Order of the Court
                              CLERK OF THE COURT

18

# Exhibit 2

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |

This Document Relates to: All Actions

---

## PROOF OF CLAIM

---

DEADLINE FOR SUBMISSION: _____, **2009.**

IF YOU PURCHASED THE COMMON STOCK INTERLINK ELECTRONICS INC. ("INTERLINK") BETWEEN APRIL 24, 2003 AND NOVEMBER 1, 2005, INCLUSIVE ("CLASS PERIOD"), YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Class are Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink at all relevant times, members of any such excluded person's immediate families and their legal affiliates, representatives, heirs, controlling persons, successors and predecessors in interest or assigns of any such excluded party.

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, **2009** TO THE FOLLOWING ADDRESS:

In re Interlink Securities Litigation

c/o

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, **2009** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS

LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1.      I affirm that I purchased the common stock of Interlink Electronics, Inc. ("Interlink") between April 24, 2003 and November 1, 2005, inclusive.  (Do not submit this Proof of Claim if you did not purchase Interlink common stock during this period).

2.      By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.   Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3.      I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim.  I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my status as a Class Member and the validity and

2

amount of my claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.      I have set forth where requested below all relevant information with respect to each purchase Interlink common stock during the Class Period, and each sale, if any, of such securities.  I agree to furnish additional information (including transactions in other Interlink securities) to the Claims Administrator to support this claim if requested to do so.

5.      I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Interlink common stock listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.      I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7.      I hereby acknowledge that, upon the occurrence of the Effective Date, by operation of law, I on behalf of myself and on behalf of my heirs, executors, administrators,

3

predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, I on behalf of it, him, her or them and on behalf of its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) shall fully and completely release, remise and discharge each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8.     NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-800- █████ or visit their website at █████████ to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9.     Statement of Claim

CLAIMANT IDENTIFICATION

_____/_____
Beneficial Owner's Name (First, Middle, Last)     / Joint Owner's Name

_____
Street Address

_____     _____     _____
City                            State                    Zip Code

_____     _____
Foreign Province                Foreign Country

4

_____   _____ (Daytime)
Area Code                 Telephone Number

_____   _____ (Evening)
Area Code                 Telephone Number


Check appropriate box (check only one box):

☐   Individual/Sole Proprietor   ☐   Joint Owners          ☐   Pension Plan
☐   Corporation                  ☐   Partnership           ☐   Trust
☐   IRA                          ☐   Other (describe:_____)

NOTE:   Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (for example, a Corporation with multiple brokerage accounts should include all transactions made in [COMPANY _____ securities] during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.)


_____   _____
Social Security Number    or    Taxpayer Identification Number


_____
Record Owner's Name (if different from beneficial owner listed above)


10.   At the close of business on April 23, 2003, I owned _____ shares of Interlink common stock (If none, write "zero" or "0") (If other than zero, must be documented).[*]


11.   I made the following purchases of Interlink common stock between April 24, 2003 and November 1, 2005, inclusive.  (Persons who received Interlink common stock during

_____

[*]   Documentation to show holding would commonly include the monthly brokerage statement for the account in which the stock was held.

the Class Period other than by purchase are not eligible to submit claims for those transactions)

(must be documented)[†]:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |

     12.     I made the following sales of Interlink common stock between April 24, 2003 and

November 1, 2005, inclusive (If none, write "zero" or "0") (If other than zero, must be

documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |
| ___/___/____ | _____ | $_____ | $_____ |

     13.     At the close of trading on November 1, 2005, I owned _____ shares of

Interlink common stock (If none, write "zero" or "0") (If other than zero, must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

---

[†]     Documentation to show a purchase or sale should normally include a trade confirmation slip or a monthly statement showing the trade.

6

14.     Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

15.     Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because:  (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE:If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being
made on behalf of Joint Claimants, then
each must sign)

7

_____

(Signature)

_____

(Signature)

_____

(Capacity of person(s) signing, e.g.
beneficial purchaser(s), executor,
administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN

_____, 2009, AND MUST BE MAILED TO:

In re Interlink Securities Litigation
c/o

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 2009, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1.  ☐  Please be sure to sign this Proof of Claim on page [__]. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2.  ☐  Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

3.  ☐  Do NOT use highlighter on the Proof of Claim or any supporting documents.

8

4.   ☐   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

## NOTE:  RECEIPT ACKNOWLEDGMENT NEEDED

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim.  Do not assume your claim is submitted until you receive written confirmation of its receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim.  If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll free at 1-800.

9

# Exhibit 3

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| IN RE INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION | Civil Action No. CV05-8133AG (SHx) |

This Document Relates to: All Actions

---

## SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING

---

TO:     ALL PERSONS WHO PURCHASED THE COMMON STOCK OF INTERLINK ELECTRONICS, INC. ("INTERLINK") BETWEEN APRIL 24, 2003 TO NOVEMBER 1, 2005 INCLUSIVE (THE "CLASS").

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the Court, that a settlement for $5 million in cash has been proposed in the above-captioned certified class action.  A hearing will be held before the Honorable Andrew J. Guilford, at the United States District Court for the Central District of California, Southern Division, Ronald Reagan Federal Building and U.S. Courthouse, 411 West Fourth Street, Santa Ana, CA 92701-4516, at ___:_____ __.m., on _____, 2009 to determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate, and to consider the application of Plaintiffs' Counsel for attorneys' fees and reimbursement of expenses.

IF YOU ARE A MEMBER OF THE CLASS DESCRIBED ABOVE, YOUR RIGHTS WILL BE AFFECTED AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT FUND. If you have not yet received the full printed Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Settlement Fairness Hearing and a Proof of Claim form, you may obtain copies of these documents by contacting the Claims Administrator:

Inquiries, other than requests for the forms of Notice and Proof of Claim, may be made to Plaintiffs' Co-Lead Counsel:

David A.P. Brower, Esq.
Brower Piven, A Professional Corporation
488 Madison Avenue
Eighth Floor
New York, NY 10022
(212) 501-9000

Timothy J. Burke, Esq.
STULL, STULL & BRODY
10940 Wilshire Blvd.
Los Angeles, CA 90024
(310) 209-2468

To participate in the Settlement, you must submit a Proof of Claim no later than _____, 2009. If you are a Class Member and do not exclude yourself from the Class, you will be bound by the Order and Final Judgment of the Court. Any objections to the Settlement must be filed by _____, 2009. If you are a Class Member and do not submit a proper Proof of Claim, you will not share in the Settlement but you nevertheless will be bound by the Order and Final Judgment of the Court.

Further information may be obtained by contacting the Claims Administrator.

By Order of The Court

2