FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN - 1 2009

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| In re INTERLINK ELECTRONICS, INC. SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>All Actions | CASE NO. CV05-8133 AG (SHx) JS6<br>The Honorable Andrew J. Guilford<br><br>**CLASS ACTION**<br><br>**FINAL ORDER AND JUDGMENT** |

This matter came before the Court for hearing pursuant to an Order of this Court dated February 9, 2009 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement dated as of January 22, 2009 (the "Stipulation"), and, following a hearing on June 1, 2009 before this Court to consider the applications of the Settling Parties, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that:

1. Unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and Plaintiffs' Co-Lead Counsel's application for an award of attorneys' fees and reimbursement of expenses as directed by this Court's Preliminary Approval Order and that the forms and methods for providing such notice to Class Members constituted the

best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort, and satisfied all of the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws.

3. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, only for purposes of effectuating this Settlement, a class consisting of all persons who purchased Interlink Electronics, Inc. ("Interlink") common stock during the period from April 24, 2003 through November 1, 2005, inclusive (the "Class" and "Class Period"). Excluded from the Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Interlink, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. With respect to the Class, the Court finds that:

(a) the Class meets all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

i. Class Members are so numerous that joinder of all members is impracticable;

ii. there are questions of law and fact common to the Class;

iii. the claims and defenses of the representative parties are typical of the Class; and

iv. the representative parties will fairly and adequately protect the interests of the Class.

(b) In addition, the Court finds that the Action satisfies the requirement of Rule 23(b)(3) in that there are questions of law and fact common to

the members of the Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

   (c)  The Court finds that Westpark Capital, L.P., Brij N. Bhargava and Bill Green possess claims that are typical of the claims of Class Members and that they have and will adequately represent the interest of Class Members and appoints them as the representatives of the Class, and appoints Plaintiffs' Co-Lead Counsel, Brower Piven, A Professional Corporation, and Stull, Stull & Brody as counsel for the Class.

  5. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Plaintiffs and each of the Class Members based on: the Settlement resulting from arm's-length negotiations between able and experienced counsel representing the interests of Plaintiffs, the Class Members, and the Defendants; the amount of the recovery for Class Members being within the range of fairness given the strengths and weaknesses of the claims and defenses thereto; the ability of the Defendants to withstand a greater judgment; the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pre-trial, trial and appellate proceedings; the recommendation of experienced counsel; and the absence of any objection from any Class Member to the Settlement. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

  6. Upon the Effective Date, Plaintiffs and, as there are no requests for exclusion from the Class, each of the Class Members shall be deemed to have, and

by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties as provided in the Stipulation, and the Action, including all claims contained therein, are hereby dismissed with prejudice as to Plaintiffs and the other Class Members.

7. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

8. This Court hereby approves the Plan of Allocation as set forth in the Notice, and directs Plaintiffs' Co-Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to present to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to Class Members as provided in the Stipulation and Plan of Allocation.

9. This Court hereby awards Plaintiffs' Co-Lead Counsel attorneys' fees equal to thirty-three and one third (33 1/3) percent of the Settlement Fund (including interest accrued thereon), and reimbursement of their out-of-pocket expenses in the amount of $112,204.98, with interest to accrue thereon at the same rate and for the same period as has accrued the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Plaintiffs' Co-Lead Counsel as provided in the Stipulation. The Court finds that the amount of attorneys' fees awarded herein is fair and reasonable based on: the work performed and costs incurred by Plaintiffs' Co-Lead Counsel; the complexity of the case; the risks undertaken by Plaintiffs' Co-Lead Counsel and the contingent nature of their employment; the quality of the work performed by Plaintiffs' Co-Lead Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; awards to successful plaintiffs' counsel in

other, similar litigation; the benefits achieved for Class Members through the Settlement; and the absence of any objection from any Class Member to either the application for an award of attorneys' fees or reimbursement of expenses to Plaintiffs' Co-Lead Counsel. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Plaintiffs' Co-Lead Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Class Members. The attorneys' fees awarded and expenses reimbursed above shall be paid to, and distributed between and among Plaintiffs' Co-Lead Counsel, as provided in the Stipulation.

10. Plaintiff Co-Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Class Members.

11. All payments of attorneys' fees and reimbursement of expenses to Plaintiffs' Co-Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Plaintiffs' or Plaintiffs' counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

12. Neither appellate review nor modification of the Plan of Allocation set forth in the Notice or the award to Plaintiffs' Co-Lead Counsel of attorneys' fees and/or reimbursement of expenses shall disturb or affect the final approval of the Settlement as provided in this Judgment and each shall be considered separate for the purposes of appellate review of this Final Judgment

13. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent

provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund, (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining applications for payment of attorneys' fees and/or expenses incurred by Plaintiffs' Co-Lead Counsel in connection with administration and distribution of the New Settlement Fund, (d) payment of taxes by the Settlement Fund, (e) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation, and (f) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

Date: JUNE 1, 2009

Honorable Andrew J. Guilford
United States District Judge